■ ANGELO J. PALIOTTO, Respondent, v. TOWN OF ISLIP et al., Appellants, et al., Defendants.— In an action to enjoin the defendants from taking any steps to consider and adopt a proposed zoning amendment, and for other relief, the defendants, Town of Islip, its Town Board and its Building and Zoning Inspector appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, dated January 12, 1962, as granted the plaintiff's motion for an injunction *pendente lite.* Order, insofar as appealed from, reversed, without costs, and motion denied. In our opinion, the notice of public hearing, dated November 6, 1961, was not ambiguous. Plaintiff is the owner of certain described property which he claims is zoned "Business" and which the

defendants maintain is zoned "Business 1 District." There is no dispute as to the boundaries of plaintiff's property; the sole issue is whether it is zoned "Business" or "Business 1 District." Under these circumstances, the notice of public hearing, the preamble of which described the proposed change of zone from "Business or Business 1 District ＊ ＊ ＊ to Business 1 District", is not only unambiguous, but represents a clarification of the existing situation. The notice of hearing contains a complete and detailed description of the property which is to be affected by the enactment and it reasonably apprised the plaintiff of the change to be adopted. In our opinion, contrary to the finding made at Special Term, the notice was not rendered void and ineffective by reason of any ambiguity. Moreover, we find that the recommendation of the Planning Board, dated October 27, 1961, constituted a sufficient compliance with the statutory requirements (Town Law, § 274). In view of the fact that, upon the present record, there appears to be no legal impediment barring the defendant Town Board from adopting the proposed enactment, we conclude that it was error to have granted the injunction *pendente lite*. It is well established that the drastic remedy of a temporary injunction is not to be granted unless a clear right to the relief demanded is established (*Park Terrace Caterers* v. *McDonough*, 9 A D 2d 113). (For decision at Special Term, see 31 Misc 2d 447; for related appeal, see *Matter of Paliotto* v. *Dickerson*, 22 A D 2d 929.) Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.