OPINION OF THE COURT
Joseph Kevin McKay, J..
*526 Defendant, Sean Stephen, pleaded guilty before me on November 20, 2003 to the class B nonviolent felony of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and he received the promised sentence of 4 to 12 years on that date. (Substitute appointed counsel had successfully negotiated a consent withdrawal of defendant’s earlier [July 15, 2003] plea, taken before me, to a class A-II drug felony with a promised sentence of 4 years to life.) Defendant has now submitted a pro se motion, dated January 17, 2005, seeking to set aside his sentence pursuant to CPL 440.20 or, in the alternative, for a hearing to determine whether he qualifies for such relief or for a lesser sentence under what defendant labels the newly enacted “Rockefeller Drug Law Reform.” The People have submitted an affirmation, dated February 9, 2005, with an accompanying memorandum of law, in opposition to defendant’s motion.
On December 14, 2004, the Governor signed new drug legislation which repealed and amended portions of the Correction, Criminal Procedure, Executive and Penal Laws relating to controlled substances and sentencing (L 2004, ch 738).[1] The purpose of this law was to initiate some sentencing reform concerning laws enacted in 1973 under then Governor Nelson A. Rockefeller, commonly known as the Rockefeller drug laws, which have been widely criticized for their harshness, particularly with regard to the mandatory life sentences for A-I and A-II felonies.
Some of the most significant provisions of the new act are (1) the creation of new determinate sentences for all drug felonies (ch 738, § 36, adding Penal Law §§ 70.70, 70.71); (2) a provision permitting defendants currently serving sentences of 15 years to life for A-I drug felony convictions to apply to the original sentencing court for resentencing to a determinate term of imprisonment (ch 738, § 22, amending Penal Law § 220.21; ch 738, § 23); (3) the doubling of narcotic weight amounts necessary for convictions of class A-I and A-II possession felonies (ch 738, §§ 21, 22, amending Penal Law §§ 220.18, 220.21); and (4) granting authority to a sentencing court to direct rather than *527 merely recommend that a sentenced defendant be placed in a comprehensive alcohol and substance abuse treatment program six months earlier than the two years of initial parole eligibility allowed by the former rule (ch 738, § 20, adding Penal Law § 60.04). Additional provisions of some relevance to defendant’s case are referred to below. (See, infra at 529 n 5.)
In accordance with his plea agreement, defendant Stephen was convicted and sentenced as a class B nonviolent felon, not the class A-I felony with which he was originally charged or the class A-II felony to which he originally pleaded guilty. As noted earlier, under the then existing law, all prison sentences for drug felonies were indeterminate. Therefore, at the time of his November 2003 sentence, as a nonpredicate felon, defendant was subject to a minimum sentence of 1 to 3 years and a maximum of SVs to 25 years (former Penal Law § 70.70). He was sentenced, as recommended by the prosecutor, agreed to by defendant and promised by the court, to 4 to 12 years. Under the new law, all prison sentences for drug felonies are now determinate sentences and carry additional periods of postrelease supervision (ch 738, §§ 35, 36, amending Penal Law § 70.45 and adding Penal Law §§ 70.70, 70.71). For a class B nonpredicate drug felony conviction, the maximum term of imprisonment is now a determinate sentence of at least one year and a maximum of nine years.[2]
Initially, the court notes that defendant moves to set aside his sentence pursuant to CPL 440.20. Subdivision (1) of that statute provides that such relief may be granted “upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law.” Defendant, however, fails to allege any of these specified grounds in his papers but rather merely sets forth bare conclusory allegations that he is entitled to some *528 resentencing relief in light of the 2004 Drug Reform Law. Defendant is mistaken.
The rule governing statutory construction requires courts to interpret a statute to give effect to the legislative intent, and when the statute is without ambiguity, it should be construed according to its plain meaning. (See, People v Finnegan, 85 NY2d 53, 58 [1995], cert denied 516 US 919 [1995]; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 76, 94.) Dispositive of defendant’s instant motion is the clear language in the newly drafted statute, which unambiguously states that the effective date is January 13, 2005 (L 2004, ch 738, § 41 [d-1], reprinted in McKinney’s Cons Laws of NY, Book 39, following Penal Law § 70.70). By his motion, however, defendant implicitly requests this court to apply the law retroactively. Because the statute is clear, and because no constitutional argument has been advanced or is apparent to compel a contrary ruling, I decline to do so.
“It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it.” (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998] [citations omitted].) Retroactivity should not be applied to nonprocedural statutes “absent a plainly manifested legislative intent to that effect.” (People v Oliver, 1 NY2d 152, 157 [1956].) The statute in question clearly states that it takes effect on January 13, 2005. Had the Legislature intended it to apply retroactively it could have unambiguously done so, as it did with the resentencing provision for A-I life sentences for felony drug convictions (ch 738, § 22, amending Penal Law § 220.21; ch 738, § 23).
Although the point was not raised by defendant, the Court of Appeals has carved out a narrow exception to this general rule against retroactivity where the Legislature passes an “ameliorative” amendment that reduces the punishment for a particular crime. In such situations, a lesser penalty may be applied in cases decided after the effective date of the enactment, even though the underlying act may have been committed before that date. (See, People v Behlog, 74 NY2d 237, 240 [1989].) The Court in People v Walker (81 NY2d 661, 666 [1993]) further expounded that this:
“doctrine is rooted in the view that where a reduction in the penalty for a crime indicates a legislative judgment that the lesser penalty adequately meets *529 all the legitimate ends of the criminal law, imposing a harsher penalty would be an exercise in vengeance, which the law does not permit.”
Unlike the instant case, however, which involves a new statute with an explicit “effective date,” both Behlog and Walker addressed statutes which were silent on the issue of retroactivity.[3] Moreover, Behlog was a presentence case in that the Court construed a statutory amendment which was already passed into law before the sentence was imposed.[4] Not so in the case of defendant Stephen, who had already been sentenced well before this newly enacted drug reform legislation. For these reasons, the narrow exception created by the amelioration doctrine cannot be applied to Stephen. Once sentence is imposed, defendant’s conviction becomes final and the principles of ameliorative retroactivity do not apply. (See, People v Walker, 81 NY2d at 667; People v Oliver, 1 NY2d at 163; see generally, People v Catalanotte, 72 NY2d 641, 644-645 [1988], cert denied 493 US 811 [1989].) In other words, finality trumps amelioration, at least in the absence of an extraordinary case — not presented here[5] — where amelioration may be needed to avoid a miscarriage of justice.
Accordingly, defendant’s motion is in all respects denied.

. Several trial courts have recently published decisions on various issues raised by the newly enacted legislation. (See, People v Denton, 7 Misc 3d 373 [Sup Ct, Kings County 2005, Gerges, J.]; People v Payne, 6 Misc 3d 1015[A], 2005 NY Slip Op 50046[U] [Sup Ct, Queens County 2005, Rotker, J.]; People v Estela, 6 Misc 3d 1032[A], 2005 NY Slip Op 50279[U] [Sup Ct, NY County 2005, Wetzel, J.]; see also, Perrotta, Trial Courts Divided on Drug Law’s Timing, NYLJ, Feb. 4, 2005, at 1, col 3.)

. The minimum term for a B drug felony is now two years where the drug sale takes place “in or near school grounds” (Penal Law § 70.70 [2] [a] [i]; § 220.44). A defendant who provides “material assistance” may receive a 25-year probationary sentence for a class B first felony drug offense (Penal Law § 65.00 [1] [b]). Also under the new law, A-I felonies — for possession of eight ounces or more of a narcotic substance — are subject to a determinant minimum prison sentence for first felony offenders of 8 years and a maximum of 20 years, plus 5 years’ postrelease supervision (Penal Law §§ 70.71, 70.45). Similarly, and more to the point in defendant Stephen’s case, whose indictment for possession of four ounces or more of cocaine would — if the offense occurred on or after January 13, 2005 — fall into this category, A-II felonies for first felony offenders now carry a minimum determinant sentence of 3 years and a maximum of 10 years, plus 5 years’ postrelease supervision (Penal Law §§ 70.71, 70.45).

. See also, People v Festo, 96 AD2d 765 (1st Dept 1983), affd 60 NY2d 809 (1983), and People v Pepples, 32 AD2d 1041 (2d Dept 1969), affd 27 NY2d 785 (1970), where the statutes expressed a prospective rather than retroactive sentencing intent by the Legislature, rendering the “amelioration doctrine” inapplicable.

. Cf. People v Walker, 81 NY2d supra, which held that amelioration was not appropriate to relieve a defendant of predicate felony status based on a previous conviction for a crime which was later reduced by the Legislature to a misdemeanor — two years after the first conviction, but before sentence was imposed in the second case then on appeal.

. Defendant, having been indicted for the A-I felony of possession of four ounces or more of cocaine, was ultimately permitted to plead guilty to the lesser count of possession of cocaine with intent to sell it, a B felony, with a dismissal of the A-I count, and was given an indeterminate sentence of 4 to 12 years, far less than the mandatory minimum then required of 15 years to life for the original top count. In addition to the “amelioration” already achieved by this plea and sentence bargain, the new law provides for opportunities for those sentenced prisoners in defendant’s position to earn greater prison time credit against their minimum sentence periods (Correction Law § 803 [1] [b], [d]). Finally, in yet another meaningful way, the new law has narrowed the gap between old and new sentences: parole time will be radically shortened (Correction Law § 851). These new provisions are even more evidence of the legislative intent against retroactivity for all but A-I sentences, and furnish additional grounds, if such were needed, not to apply the “amelioration doctrine.”