OPINION OF THE COURT
Edward J. McLaughlin, J.
Defendant moves under the 2004 Drug Law Reform Act for resentencing on his A-I felony convictions for selling and possessing heroin and cocaine. Under the new statute, resentence shall be granted unless substantial justice dictates otherwise. In this case, the court has determined that substantial justice *435 requires that defendant’s resentence application be denied. This opinion supplements this court’s earlier oral decision denying the application.
Background
On May 24, 1989, the court sentenced defendant to 25 years to life on two A-I level drug felony offenses. The court also sentenced defendant to indeterminate prison terms of from 121/2 to 25 years on each of his six convictions for criminal possession of a controlled substance with intent to sell. These sentences were to be served concurrently with each other.[1] The court also imposed an additional sentence of 10 to 20 years on a conspiracy in the second degree conviction to be served consecutively to the sentences imposed on the drug felony offenses. The court also fined defendant $15,000. Defendant never paid the fine.
When defendant committed these crimes, he was approximately 52 years old and owned a hair salon-barber shop that was connected to his apartment in a middle-class neighborhood in Queens County. He had previously been convicted of two drug offenses for which he had served two separate prison terms.
Defendant’s first felony drug conviction occurred in 1972, when he pleaded guilty to criminal possession of a dangerous drug in the second degree and was sentenced to a prison term of 10 years. This conviction arose from his possession of more than three pounds of heroin and a loaded pistol. He was paroled from state prison in November of 1975. During June and August of 1977, defendant conspired to distribute and possess heroin and cocaine, and was apprehended by federal authorities. In June 1978, defendant pleaded guilty to the crime of conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 USC § 841 (a) (1) and § 846. For these crimes, defendant was sentenced to a federal prison term of seven years plus a special parole term of 15 years. Defendant remained incarcerated until December 26, 1980, when he was released from federal prison.
At trial, the evidence established beyond any doubt that defendant led a significant drug selling operation. The police investigation of this drug ring began on June 26, 1987, but *436 defendant’s operation had been ongoing before that date. The investigation ended on May 13, 1988. Defendant and 12 other people were indicted. Ten of the defendants, including a medical doctor, were convicted either by guilty plea or after trial. The court dismissed the charges against one defendant as being insufficient in the grand jury, and another defendant fled the jurisdiction. Defendant was tried with two other defendants named in the indictment.
According to the trial evidence, defendant operated his drug ring from both his home and place of business. His apartment door was secured by a crowbar type device, and the door was monitored by a video camera whose pictures could be viewed from inside the apartment. He supplied the drugs to coconspirators who conducted the actual drug sales. An undercover police officer purchased heroin from one of defendant’s underlings on seven occasions. Telephone conversations captured on court-authorized wiretaps revealed discussions with underlings and customers in which defendant discussed the sale and delivery of kilogram amounts of heroin and cocaine. After the investigation, police executed search warrants both at defendant’s home and hair salon. They recovered drugs from six different places within defendant’s control there, including drugs kept that day in the mailbox in the apartment building’s hallway outside his residence on the first floor.
The Arguments for Resentence
In his resentence application, defendant contends that he should be resentenced to a determinate prison term of 12 years, the minimum term under the new statute. He argues that his 17 years in prison, his health (successful heart bypass surgery in 1998), his age (70 years), his favorable institutional record (a few insignificant infractions), as well as his having a daughter and son-in-law in Florida willing to give him residence if released, all justify this court’s resentencing him as requested.
The prosecution consented to defendant’s being resentenced and recommended a sentence of 24 years determinate and five years of postrelease supervision for each A-I felony drug conviction.
Law
As is now well known, in December 2004, the Legislature passed the Drug Law Reform Act (L 2004, ch 738, §§ 1-41). This legislation included a new determinate sentencing scheme that *437 lessened the sentences for felony drug offenses defined in Penal Law article 220 or 221 (see L 2004, ch 738, §§ 20, 36). The new statute also permits defendants who have been convicted of certain felony drug offenses committed before enactment of the new statute to apply for resentencing under the new statute (see L 2004, ch 738, § 23).
Under section 23 of the Drug Law Reform Act, any person in the custody of the Department of Correctional Services serving an indeterminate sentence for an A-I felony drug offense may apply to be resentenced under Penal Law § 70.71. The application will be referred to the original sentencing judge (L 2004, ch 738, § 23). The new statute does not require that the application be granted. The court may deny the application if “substantial justice dictates that the application should be denied” (id.). Upon denying the application, the court must issue an order to that effect and specify in that order the sentence that would be imposed in the event of a resentence (id.).
The new statute provides no specific guidance for determining when “substantial justice” dictates denying an application for resentencing. Nevertheless, the statute places- little limit on the information that a court may consider in deciding whether to grant a resentence application. Under the statute, the court “may consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by such person or the people and may . . . consider the institutional record of confinement of such person,” but shall not order a new presentence investigation report (id.). The statutory scheme, thus, shows that the legislative and the executive branches did not intend for universal resentence, and that they awarded the judiciary wide discretion to identify those cases in which “substantial justice” would not be served by resentence.
In the absence of any specific statutory guidance for determining when “substantial justice” dictates denying a resentence application, this court considers the circumstances that led to the enactment of the statute (see McKinney’s Cons Laws of NY, Book 1, Statutes § 124 [“In ascertaining the purpose and applicability of a statute, it is proper to consider the legislative history of the act, the circumstances surrounding the statute’s passage, and the history of the times”]). For decades, politicians, the public, and the press, have denounced the mandatory sentences required under the so-called Rockefeller drug laws as harsh and draconian. Periodically, the news media would draw public attention to a tragic story of someone jailed for up to 25 *438 years to life for participating in a single drug sale for fiscal or addiction considerations.[2] The legislators who supported the new statute identified those deserving of more lenient treatment as low-level, nonviolent drug offenders,[3] first-time offenders who were misguided in their youth,[4] mules,[5] addicts driven to possession or selling drugs because of a drug habit,[6] or others duped or coerced into a drug transaction by a supposed friend or a domineering spouse.[7] As the Senate Majority Leader said when speaking in support of the new sentencing scheme, the new statute serves to “help [the offenders] get out of trouble, straighten out their lives, be productive and constructive citizens.”[8]
But the harsh reality is that many defendants convicted of A-I level drug offenses bear no resemblance to those depicted as victims of the Rockefeller drug laws. These defendants were not addicts, and they did not enter the drug trade to support a drug habit. They are not first-time offenders or low-level offenders who made a mistake or were misguided in their youth. Nor did they participate in a drug sale for one easy payday. For these defendants, peddling and pushing drugs was their business, their soberly chosen profession. In making that choice, they forever forsook the opportunity to be a productive member of society. Substantial justice dictates denying the resentence applications of these defendants.
*439 Defendant falls into the category of offenders who made drug selling a life-long calling. This case represented defendant’s third conviction for a drug-related offense. In 1971, defendant possessed three pounds of heroin and a loaded pistol and was sentenced to prison upon a guilty plea. This first period of incarceration did not deter defendant from resuming his drug selling. While on parole from state prison, defendant was convicted in federal court of conspiracy to distribute heroin and cocaine, and again he was imprisoned. This second prison term did not deter him from resuming his drug selling. After being released from federal prison, defendant resumed drug selling and built an organization with numerous employees who assisted him in regularly distributing kilograms of heroin and cocaine into the streets of New York City.
Defendant is not a person within the contemplation of those who debated the bill, either formally or informally, or in the category of persons whom the legislative and executive branches sought to help. At the time of his conviction, defendant was a third-time drug seller of multi-kilogram quantities of heroin and cocaine. He had a middle-class existence, including his own business, his own home, and an automobile. He was not and never was a drug user, let alone an addict. He was over 50 years old and the leader of a 13-plus member drug conspiracy. The narcotics that defendant routinely distributed throughout New York City destroyed lives, ruined families, and wrecked the community. Substantial justice dictates that defendant not benefit from the new statute and that his resentence application be denied.
Although the application is denied, the new statute requires that this court state the sentence that would be imposed “in the event of a resentence and shall enter an order to that effect” (L 2004, ch 738, § 23). Consequently, in the event of a resentence, this court would impose the following sentence: 24 years on both A-I felony drug offenses and five years of postrelease supervision, to be served concurrently to each other but consecutively to the 10-to-20-year sentence that defendant is serving on the charge of conspiracy in the second degree.

. Defendant was also sentenced on a conviction for criminally using drug paraphernalia in the second degree to be served concurrently with the felony drug offenses.

. See Gonnerman, The Miseducation of Elaine Bartlett, New York’s War on Drugs Held Her Hostage for 16 Years. A Story of Prison, Politics, and One Woman’s Pride, The Village Voice (Feb. 9-15, 2000), <http://www. villagevoice.com/news/0006,gonnerman, 12393,1 ,html> (accessed July 28, 2005), cached at <http://www.courts.state.ny.us/reporter/webdocs/ village_voice_news_The_Miseducation_of_Elaine_Bartlett.htm>.

. Comments of Senator Paterson, Senate Debate Transcripts, Dec. 7, 2004, at 6279 (“The attempts to portray every low-level drug offender as individuals who are also violent is really not true”).

. Comments of Senator Bruno, id. at 6312 (“There are young people going to jail for first-time offenses who have accidents . . . who are misguided in their youth”).

. Comments of Assembly Member Lentol, Assembly Debate Transcripts, Dec. 7, 2004, at 14 (“[TJhere are many of those ‘drug mules’ who are in jail tonight who will be able to seek resentencing under this bill and be out of jail, and deservedly so”).

. Comments of Senator Sabini, Senate Debate Transcripts, Dec. 7, 2004, at 6293 (“Drug addiction is a disease, a disease that needs to be treated. And this is sort of a start at reforming the sentencing laws”).

. Comments of Senator Hoffmann, id. at 6286 (“And many of those women, acting out of some form of coercion or misguided devotion, were the ones who wound up taking the rap for someone else”).

. Comments of Senator Bruno, id. at 6313.