OPINION OF THE COURT
Rory J. Bellantoni, J.
*883 This proceeding concerns whether defendant, who presently is incarcerated for 90 days following a conviction for a parole violation, may be resentenced under the recently enacted Rockefeller Drug Law Reform Act pertaining to those individuals previously convicted of an A-I or A-II felony drug offense.
Defendant filed a motion pursuant to Criminal Procedure Law § 440.20, and a petition for a writ of habeas corpus, in which he asserted that he should be resentenced based upon the Rockefeller Drug Law Reform Act (Penal Law §§ 60.04, 70.70, 70.71; L 2004, ch 738, § 23; L 2005, ch 643, § 1). The court has consolidated defendant’s motions and the instant decision and order pertains to both motions.[1] The following papers were read:[2] affirmation of Theodore J. Brundage in support of defendant’s motions, with exhibits; supplemental affirmation of Theodore J. Brundage; and affirmation of Assistant District Attorney Kevin Kennedy.
Based upon the foregoing papers, and the proceedings heretofore had herein, it is hereby ordered that defendant’s motion is denied in its entirety.
On or about October 31, 1979, defendant was convicted of criminal possession of a controlled substance in the first degree, an A-I felony; criminal possession of a controlled substance in the third degree, a class A-III felony; criminal possession of a controlled substance in the fifth degree, a class C felony; criminal possession of a controlled substance in the eighth degree, a *884 class A misdemeanor; and criminal use of drug paraphernalia, a class A misdemeanor. On or about November 28, 1979, defendant was sentenced to 15 years to life imprisonment on his conviction for criminal possession of a controlled substance in the first degree, with the sentences for his other crimes to run concurrently. The 15 years to life sentence was the minimum sentence that could be imposed upon defendant at that time.
On or about December 21, 1981, Governor Hugh L. Carey commuted defendant’s prison term to SVs years to life, seemingly without request of the defendant.[3] On or about April 24, 1984, defendant was released by court order, to his sister’s home, in Mt. Vernon, New York, a new trial having been ordered. The Westchester County District Attorney’s Office appealed the order for a new trial, and on or about July 2, 1985, defendant’s conviction was reinstated. Defendant was returned to the New York State Department of Correctional Services on August 12, 1985. At the time he was returned to prison, the minimum term of SVs years to life imposed by Governor Carey remained in effect. Defendant was credited only with 26 days’ jail time from April 24, 1984 to August 12, 1985, when he was returned to prison. Defendant was paroled from prison in 1989.
On or about January 5, 2005, defendant was arrested on a technical violation of parole, representing the fourth time defendant’s parole was violated since he was released from prison. On or about March 9, 2005, after admitting to a technical violation, defendant was ordered to complete 90 days in the Willard Drug Treatment Program.
In or about January 2005, defendant moved this court to be resentenced under the recently enacted Rockefeller Drug Law Reform Act. Defendant asserts that as his “conviction and sentence were imposed in 1979, over twenty-six (26) years ago, [defendant] has exceeded the possible sentence and parole supervision under the revised sentencing scheme whether his conviction is viewed as an A-I felony, or an A-II felony” (affirmation of Theodore J. Brundage If 11).[4] Defendant argues that *885 since he would not be on parole for the original sentence under the new sentencing scheme, then he cannot now be found in violation of that parole.[5] Defendant asserts that by virtue of his time in the criminal justice system, he has exceeded both the maximum sentence of incarceration, and the maximum period of parole supervision that may be afforded to one eligible to be resentenced under the new statute. Hence, defendant asserts that he should now be released from prison and his parole terminated. The People assert that defendant is ineligible to be resentenced under the provisions of the Rockefeller Drug Law Reform Act pertaining to either A-I or A-II felony drug offenders.
For the reasons that follow, defendant’s motion is denied in its entirety.
In December 2004, the New York State Legislature passed the Rockefeller Drug Law Reform Act (L 2004, ch 738, §§ 1-41). The legislation provided for a new determinate sentencing scheme that ameliorated the harshness of the sentences for felony drug offenses defined in Penal Law articles 220 and 221. Under the act, defendants who had been convicted of certain felony drug offenses before enactment of the Rockefeller Drug Law Reform Act may apply for resentencing under the new law. Upon application, a defendant serving an indeterminate sentence of at least 15 years for an A-I felony drug offense may be resentenced under Penal Law § 70.71. The law provides, in pertinent part:
“[A]ny person in the custody of the department of correctional services convicted of a class A-I felony offense defined in article 220 of the penal law which was committed prior to the effective date of this section, and sentenced thereon to an indeterminate term of imprisonment with a minimum period not less than fifteen years pursuant to provisions of the law in effect prior to the effective date of this section, may, upon notice to the appropriate district attorney, apply to be resentenced” (L 2004, ch 738, § 23 [emphasis added]).
The first issue this court must address is whether defendant is “in the custody of the department of correctional services,” such that he is eligible to be resentenced pursuant to that provi *886 sion of the Rockefeller Drug Law Reform Act pertaining to A-I felony offenders. Specifically, the court must determine whether defendant, who was released from prison on his original sentence in 1989, and is now held on a 90-day parole violation to be served at the Willard Drug Treatment Center, is a person in the custody of the Department of Correctional Services such that he is eligible to be resentenced under the new sentencing scheme applicable to A-I felony offenders. This court concludes that based upon a plain reading of the Rockefeller Drug Law Reform Act, and the legislative intent in enacting said act, defendant is not in the custody of the Department of Correctional Services within the meaning of the act, and therefore he is not a person eligible for resentencing.
This court is cognizant that pursuant to McKinney’s Consolidated Laws of NY, Book 1, Statutes § 124, “[i]n ascertaining the purpose and applicability of a statute, it is proper to consider the legislative history of the act, the circumstances surrounding the statute’s passage, and the history of the times.” With this guiding principle in mind, the court notes that recently, in People v LaFontaine (9 Misc 3d 434 [Sup Ct, NY County 2005]), the Supreme Court, New York County, considered the circumstances that led to the enactment of the Rockefeller Drug Law Reform Act, one of which was to ameliorate draconian sentences imposed against first-time, or low-level drug offenders. Indeed, the court in People v LaFontaine described the purpose of the Drug Law Reform Act as follows:
“For decades, politicians, the public, and the press, have denounced the mandatory sentences required under the so-called Rockefeller drug laws as harsh and draconian. Periodically, the news media would draw public attention to a tragic story of someone jailed for up to 25 years to life for participating in a single drug sale for fiscal or addiction considerations. The legislators who supported the new statute identified those deserving of more lenient treatment as low-level, nonviolent drug offenders, first-time offenders who were misguided in their youth, mules, addicts driven to possession or selling drugs because of a drug habit, or others duped or coerced into a drug transaction by a supposed friend or a domineering spouse. As the Senate Majority Leader said when speaking in support of the new sentencing scheme, the new statute serves to ‘help [the offenders] get out of trouble, straighten out their lives, be produc *887 tive and constructive citizens.’ ” (People v LaFontaine, 9 Misc 3d at 437-438.)
The court also cited the comments of Assembly Member Lentol (New York State Assembly Debate Transcripts, Dec. 7, 2004, at 14), who stated, “[T]here are many of those ‘drug mules’ who are in jail tonight who will be able to seek resentencing under this bill and be out of jail, and deservedly so.” (People v LaFontaine, 9 Misc 3d at 438 n 5 [emphasis added].)
Clearly, the purpose of the Rockefeller Drug Law Reform Act is to provide those defendants who presently are serving their original prison sentence with a mechanism for resentencing. Indeed, New York State courts continue to reiterate that the purpose of the Rockefeller Drug Law Reform Act is to eliminate the harsh sentences courts mandatorily imposed under the Rockefeller drug laws. (People v Weaver, 7 Misc 3d 922 [Ulster County Ct 2005]; People v Frain, 6 Misc 3d 1029[A], 2005 NY Slip Op 50222[U], *1 [Niagara County Ct 2005] [“the New York Legislature passed ameliorative drug sentencing laws designed to remove the perceived harshness of the Rockefeller Drug Laws in New York”]; People v Stephen, 7 Misc 3d 525, 526 [Sup Ct, Kings County 2005] [“The purpose of this law was to initiate some sentencing reform concerning laws enacted in 1973 under then Governor Nelson A. Rockefeller, commonly known as the Rockefeller drug laws, which have been widely criticized for their harshness, particularly with regard to the mandatory life sentences for A-I and A-II felonies”].)
Ever mindful of the foregoing, this court nonetheless concludes that the Rockefeller Drug Law Reform Act was not intended to apply to those offenders who have served their term of imprisonment, have been released from prison to parole supervision, and whose parole is then violated, with a resulting period of incarceration. Neither the act itself, nor the comments of the Legislature in enacting said act, indicates that the ability to apply for resentencing was intended to apply to anyone other than those serving their original sentence.
If followed to its natural conclusion, defendant’s assertion that parolees incarcerated on a parole violation are eligible for resentencing would result in parolees intentionally violating their parole so that they may reap the benefits of the new sentencing scheme — an illogical result not intended by the Legislature. Clearly, the Legislature did not intend to foster lawlessness when it enacted the Rockefeller Drug Law Reform Act. Simply put, the Rockefeller Drug Law Reform Act was not *888 enacted to benefit those individuals who are on parole for drug crimes, and who then have their parole status violated.
The court notes that at the time it was enacted, the Legislature contemplated that the Rockefeller Drug Law Reform Act would provide relief to approximately 450 inmates serving between 15 and 25 years to life for class A-I felonies. There was no mention of the thousands of parolees who were, or presently are, supervised by the New York State Division of Parole.
Indeed, the New York State Assembly Memorandum in Support of the Drug Law Reform Act states:
“Class A-I felony offenders serving sentences of 15-25 years to life would be eligible to apply to their sentencing courts for a conversion of their sentence to a new term consistent with the prospective reforms. A denial of resentencing, or a grant of resentencing at [sic] a sentence the offender did not agree with, could be appealed by the offender to the appellate division. This reform would affect roughly 400 inmates” (2004 McKinney’s Session Laws of NY, at 2178 [emphasis added].)
In addition, a commentator noted in reviewing the act: “[W]hat the law does is extend the hope of decreased sentences to approximately 450 inmates who are serving 15 to 25 years for class A-I felony convictions. They are now eligible for discretionary resentencing under a new determinate scheme for all drug offenses.” (A1 O’Connor, A Summary of the Rockefeller Drug Law Reform Legislation, 19 Public Defense Backup Center Report [No. 4] 15 [2004] [emphasis added].)[6]
There is no doubt that the number of those on lifetime parole for A-I drug offenses in New York State far exceeds 450, the projected number of those convicts who stand to benefit from the resentencing provision of the new law. It is beyond dispute that the New York State Division of Parole supervises tens of thousands of parolees. Surely those who are on parole for drug offenses comprise a large portion of the thousands who are supervised by the New York State Division of Parole. Since the Legislature envisioned that the Rockefeller Drug Law Reform Act would be applicable only to approximately 400 inmates, logic dictates that the Rockefeller Drug Law Reform Act does not apply to parolees who have been incarcerated for a parole *889 violation, since the number of parolees supervised in New York State far exceeds 400. The fact that the Legislature intended the law to apply to approximately 400 inmates leads this court to conclude that the Drug Law Reform Act does not apply to the thousands of parolees who have been released from prison, who are on parole, and whose parole may or may not be violated.
Failure to apply the recent law to those on parole for A-I drug offenses does not leave parolees whose parole has been violated without a remedy. Those individuals whose parole has been violated may challenge such violations pursuant to provisions set forth in the New York State Executive Law. (See Executive Law § 259-i.) For example, Executive Law § 259-i (3) (c) (i) and (iv) provide that the board of parole shall afford an alleged violator a preliminary hearing, which is to be scheduled no later than 15 days from the date of the execution of the warrant. The board’s failure to afford a parole violator a preliminary hearing may be challenged in a petition for writ of habeas corpus. (See e.g. People ex rel. Adams v Warden of Penitentiary of City of N.Y., 8 Misc 3d 1010[A], 2005 NY Slip Op 51014[U] [Sup Ct, Bronx County 2005].) In addition, Executive Law § 259-i (3) (f) (i) provides that “[r]evocation hearings shall be scheduled to be held within ninety days of the probable cause determination.” A parolee is entitled to a prompt final parole revocation hearing, and the failure to provide said hearing may be raised in a petition for a writ of habeas corpus. (People ex rel. Menechino v Warden, Green Haven State Prison, 27 NY2d 376 [1971].)
Moreover, a defendant may challenge a final parole revocation decision pursuant to a CPLR article 78 proceeding. (See e.g., Matter of Brew v New York State Div. of Parole, 22 AD2d 930 [3d Dept 2005].) Since those whose parole has been violated have specific statutory remedies that would allow them to challenge parole violation proceedings, the Rockefeller Drug Law Reform Act should not be manipulated to apply to those who have served their sentence, have been released to parole supervision, and whose parole has been violated.
In sum, based upon the legislative history of the Rockefeller Drug Law Reform Act, the circumstances surrounding the act’s passage, and the history of the times, the court concludes that defendant, who presently is being held on a parole violation, is not within the contemplation of those the Legislature intended to assist by enacting the Rockefeller Drug Law Reform Act. Consequently, the court finds that defendant is not eligible to be resentenced under the new legislative scheme for those previously convicted of A-I felony drug offenses.
*890 The court shall now turn to the second portion of its analysis regarding defendant’s application to he resentenced under that portion of the Rockefeller Drug Law Reform Act pertaining to A-I felony offenders. To be eligible for resentencing, a defendant previously convicted of an A-I felony drug offense must have been subjected to an indeterminate term of imprisonment of not less than 15 years. (Penal Law § 70.71.) Defendant herein, whose sentence was commuted in 1981 to the term of SVs years to life, is plainly ineligible to be resentenced under that part of the Rockefeller Drug Law Reform Act pertaining to A-I felony offenders. Defendant was not one of those who ultimately received the 15 to 25 years to life imprisonment considered to be draconian. The harshness of defendant’s original sentence was recognized and ameliorated when Governor Carey commuted defendant’s sentence to SVs years to life.
Defendant also asserts that he should be resentenced under the provision of the Rockefeller Drug Law Reform Act pertaining to those previously convicted of A-II felony drug offenses. Prior to the enactment of the A-II felony offender legislation, the People had indicated to the court during a conference that defendant’s commuted sentence of SVa years to life may categorize defendant as a person eligible for relief under the A-II revised sentencing statute since defendant’s A-I felony was commuted to an A-II felony. However, upon a reading of the A-II statute as enacted, the People now assert that defendant is not eligible to be resentenced under the provision of the Rockefeller Drug Law Reform Act pertaining to A-II felony drug offenders.
The court finds that defendant is ineligible to be resentenced under that part of the Rockefeller Drug Law Reform Act pertaining to A-II felony drug offenders. Effective October 29, 2005, the New York State Legislature enacted the following provision concerning A-II felony drug offenders:
“Notwithstanding any contrary provision of law, any person in the custody of the department of correctional services convicted of a class A-II felony offense defined in article 220 of the penal law which was committed prior to the effective date of this section, and who was sentenced thereon to an indeterminate term of imprisonment with a minimum period not less than three years pursuant to provisions of the law in effect prior to the effective date of this section, and who is more than twelve months from *891 being an eligible inmate as that term is defined in subdivision 2 of section 851 of the correction law, and who meets the eligibility requirements of paragraph (d) of subdivision 1 of section 803 of the correction law may, upon notice to the appropriate district attorney, apply to be resentenced in accordance with section 70.71 of the penal law in the court which imposed the original sentence.” (L 2005, ch 643, § 1.)
Pursuant to Correction Law § 851 (2), “eligible inmate” means “a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within two years.” (Emphasis added.) Since a defendant must be more than 12 months from being an “eligible inmate,” the A-II statute requires that an eligible inmate must be more than three years from being parole eligible. This provision indicates that the Legislature intended that relief is only to be available to those A-II convicts whose minimum terms are largely unexpired.[7]
In this case, defendant, having been released to parole supervision in 1989, clearly does not qualify as an eligible inmate as that term is defined in Correction Law § 851 (2). Defendant is not more than three years from being parole eligible since defendant has already been released to parole supervision. Accordingly, defendant is ineligible to be resentenced pursuant to the provisions of the Rockefeller Drug Law Reform Act that presently are applicable to A-II felony drug offenders.
In summary, defendant is not eligible to be resentenced under the provisions of the Rockefeller Drug Law Reform Act pertaining to those individuals previously convicted of either A-I or A-II felony drug offenses. Defendant’s motion for resentencing is therefore denied in its entirety.

. On January 28, 2005, defendant filed a motion pursuant to Criminal Procedure Law § 440.20. On March 8, 2005, defendant filed a petition for writ of habeas corpus. Both motions were administratively transferred to this court on or about May 2, 2005. On May 19, 2005, the court assigned counsel to represent defendant.

. The court also conducted extensive conferences concerning the instant matter with the People, defense counsel, and defendant on July 7, 2005, August 24, 2005, September 7, 2005, November 2, 2005, November 10, 2005, November 14, 2005, and November 16, 2005. The matter was marked fully submitted on November 16, 2005 after a conference during which the Office of the Attorney General appeared on behalf of the New York State Division of Parole in connection with a second petition for writ of habeas corpus filed by defendant. Defendant’s second petition for writ of habeas corpus was denied by order of this court dated November 28, 2005. On each calendar date, the matter was adjourned upon consent of the parties. At the time of defendant’s filings, only that part of the legislation concerning the resentencing of A-I felony drug offenders had been enacted by the New York Legislature. However, effective October 29, 2005, in the midst of these proceedings, the New York State Legislature enacted legislation concerning the resentencing of those convicted of A-II felony drug offenses. This decision and order addresses whether defendant may be resentenced under the new laws pertaining to A-I and/or A-II felony drug offenders.

. In 1981, an 8Vs years to life sentence was the maximum for an A-II felony drug offense and unavailable to those convicted of similar A-I offenses.

. Under the Rockefeller Drug Law Reform Act, the sentence for A-I drug offenders was reduced to a determinate term in the range of 8 to 20 years for first-time offenders; 12 to 24 years for second-time offenders; and 15 to 30 years for second-time offenders with a prior violent felony conviction. The new sentence range for A-II drug offenders was reduced to a determinate term in the range of 3 to 10 years for first-time offenders; 6 to 14 years for second- *885 time offenders; and 8 to 17 years for second-time offenders with a prior violent felony conviction.

. The period of postrelease supervision for A-I and A-II felony offenders is five years. The new resentencing scheme does not provide for a period of parole supervision.

. A1 O’Connor is a Public Defense Backup Center staff attorney. The Public Defense Backup Center is a legal support center that provides public defense attorneys with legal research, consultation, and training.

. The legislation concerning A-II defendants, which was enacted after the provision concerning A-I defendants, and which clearly provides relief to defendants incarcerated on their original sentence, lends further support to the conclusion that the legislation concerning A-I felony offenders is inapplicable to parolees. When the A-I and A-II resentencing provisions are read in conjunction, it is clear, based upon the legislative history and the plain wording of the legislation, that the Legislature intended to provide only those defendants incarcerated on their original prison sentence with a mechanism for resentencing.