OPINION OF THE COURT
Betsy Barros, J.
On February 1, 2001, defendant Jason Cuebas pleaded guilty to one count of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), a class A-II felony, and two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), in satisfaction of a multi-count indictment charging him with criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), among other drug-related offenses. He was sentenced as a second felony offender to a period of incarceration of nine years to life on February 15, 2001. By petition dated January 4, 2006,[1] he moves for resentencing pursuant to chapter 643 of the Laws of 2005, the Drug Law Reform Act.[2]
On February 20, 2006, the defendant was presumptively released to the custody of the Division of Parole, having been notified by the Department of Correctional Services on October 11, 2005 that he had been awarded a certificate of earned eligibility.
The People oppose this application by affirmation and memorandum of law dated March 17, 2006. They aver that because the defendant is no longer in the custody of the Department of Correctional Services and, therefore, not more than 12 months from being an “eligible inmate” as defined in subdivision (2) of section 851 of the Correction Law, he is not entitled to be resentenced under the ameliorative provisions of the Drug Law Reform Act.
Resentencing Guidelines for Class A-II Felony Offenders
Chapter 643 of the Laws of 2005 (hereinafter ORLA II), “[a]n Act to authorize the resentencing of certain A-II felony con *989 trolled substance offenders,” promulgated on August 30, 2005, and effective on October 29, 2005, provides that
“any person in the custody of the department of correctional services convicted of a class A-II felony offense defined in article 220 of the penal law which was committed prior to the effective date of this section, and who was sentenced thereon to an indeterminate term of imprisonment with a minimum period not less than three years pursuant to provisions of the law in effect prior to the effective date of this section, and who is more than twelve months from being an eligible inmate as that term is defined in subdivision 2 of section 851 of the correction law, and who meets the eligibility requirements of paragraph (d) of subdivision 1 of section 803 of the correction law may, upon notice to the appropriate district attorney, apply to be resentenced in accordance with section 70.71 of the penal law in the court which imposed the original sentence.” (Emphasis added.)
An “eligible inmate,” in relevant part, means “a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within two years” (Correction Law § 851 [2]). Thus, to be eligible for resentencing, an A-II felony drug offender must be in the custody of the Department of Correctional Services, have been sentenced under prior law to an indeterminate minimum term of imprisonment of no less than three years, earned a merit time allowance (Correction Law § 803 [1] [d]), and be at least three years away from parole eligibility (People v Bautista, 26 AD3d 230, 230 [1st Dept 2006] [to be eligible for resentencing, “an A-II offender may not be eligible for parole within three years”]).
Pursuant to Penal Law § 70.40 (1) (a) (i), and according to the calculations of the Department of Correctional Services, the defendant’s parole eligibility date was set at February 20, 2009. His application for resentencing, having been submitted within three years from February 20, 2009, he is presumably an “eligible inmate.”
The People submit that, based on Correction Law § 806 (7), which states that “[a]ny reference to parole and conditional release in this chapter shall also be deemed to include presumptive release,” the defendant, who was presumptively released to the custody of the Division of Parole on February 20, 2006, is *990 not eligible to be resentenced as he is not “three years away from being presumptively released.” (Emphasis added.)
Subdivision (2) of section 851 was added to the Correction Law by the Laws of 1969, ch 472, § 1, when article 26, “Work Release Program for State Correctional Institutions,” was enacted. The People’s attempt to engraft an additional category of release onto subdivision (2) of section 851 and its myriad amendments, so that an “eligible inmate” will not only mean “a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within two years” but must include “a person . . . eligible for release on parole or who will become eligible for release on parole or conditional release ‘or presumptive release,’ on the basis of the legislature’s reference to ‘this chapter’ in Correction Law § 806 (7),” misapprehends this legislative point of reference.
The People’s reading of subdivision (2) of section 851 assumes that the use of the term “in this chapter” in Correction Law § 806 (7) refers to either article 26 of the Correction Law or the Correction Law in general. Applying the most natural and most obvious sense to the statutory language used by the Legislature (McKinney’s Cons Laws of NY, Book 1, Statutes § 94), the reference to “this chapter” means Laws of 2003 (ch 62, part E, § 5), the legislative enactment that amended the Correction Law to add section 806 and create the “Presumptive release program for nonviolent inmates.” Had the Legislature intended to include presumptive release when it specified “parole” or “conditional release” throughout article 26, they would have so specified.
They evidenced such an intent when they referenced “this article” (article 26) to evince their intent to uniformly apply their definition of “parole eligibility” to inmates serving an indeterminate sentence:
“In the case of a person serving an indeterminate sentence of imprisonment imposed pursuant to the penal law in effect after September one, nineteen hundred sixty-seven, for the purposes of this article parole eligibility shall be upon the expiration of the minimum period of imprisonment fixed by the court or where the court has not fixed any period, after service of the minimum period fixed by the state board of parole.” (Emphasis added.)
As the defendant was more than three years from being released on parole or conditional release when he submitted his *991 petition to be resentenced, the court finds that he is an “eligible inmate” within the meaning of section 851 (2) of the Correction Law.
Resentencing and Substantial Justice
A. Defendant’s Criminal History
While DRLA II authorizes any person in the custody of the Department of Correctional Services serving an indeterminate sentence for an A-II felony drug offense to apply to be resentenced under Penal Law § 70.71, the court may, after considering “any facts or circumstances relevant to the imposition of a new sentence . . . [and] the institutional record of confinement,” deny the application if “substantial justice dictates.” (L 2005, ch 643, § 1.) The question is whether substantial justice militates against resentencing the defendant.
The defendant, now 30 years old, was introduced to the criminal justice system on September 6, 1991, when he was 16 years old. He was arrested and charged with attempted burglary in the third degree (Penal Law §§ 110.00, 140.20) and criminal mischief (Penal Law § 145.00 [1]), but pleaded guilty to disorderly conduct (Penal Law § 240.20), a violation. He was sentenced to a conditional discharge. Approximately two weeks later, September 21, 1991, the defendant was rearrested and charged with unauthorized use of a vehicle (Penal Law § 165.05), an A misdemeanor, and related offenses. He was adjudicated a youthful offender after pleading guilty to attempted unauthorized use of a vehicle (Penal Law §§ 110.00, 165.05) and placed on one year’s probation.
About one year later, September 9, 1992, the defendant was arrested and charged with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession (with intent to sell) of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). He pleaded guilty to criminal possession of a controlled substance in the fourth degree, a C felony, and was sentenced to four months in jail and five years’ probation.
On March 5, 1993, the defendant was arrested and charged with possession of burglar tools (Penal Law § 140.35), petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). He pleaded guilty on March 9, 1993 to one count of attempted petit larceny, *992 was sentenced, to a conditional discharge, and ordered to complete 70 hours of community service. His probation was subsequently revoked and he was resentenced to eight months’ incarceration.
The defendant was arrested and charged with the more serious B felony offense of criminal sale of a controlled substance near school grounds (Penal Law § 220.44) on April 25, 1996, when he was arrested and charged with other drug-related offenses. The defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31) and was sentenced on January 6, 1997 to an indeterminate sentence of 2 to 4 years’ imprisonment.
While on parole on the April 25, 1996 offense, the defendant was arrested in the instant matter on November 4, 1999, and charged with criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]), an A-I felony, criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), an A-I felony, criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), a D felony, and criminal possession of a weapon in the fourth degree (Penal Law § 165.45 [4]), an E felony, and criminal use of drug paraphernalia possession (Penal Law § 220.50 [1]), a class A misdemeanor.
The defendant was released on bail on the instant indictment pending trial after serving time for his parole violation. During this period, he was arrested on January 10, 2001, in Bronx County, and charged with criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), other related drug offenses, and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]).
On January 24, 2001, the defendant pleaded guilty to one count of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]) in satisfaction of the Bronx County indictment, in return for a sentence of 4 to 8 years.
He also pleaded guilty to one count of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), a class A-II felony, and two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) in full satisfaction of the instant indictment. As noted earlier, he was sentenced to a term of nine years to life on the A-II felony, and to two concurrent one-year jail sentences on the weapon counts.
*993 B. Defendant’s Institutional Record of Confinement
Except for committing a tier II violation[3] during his six-year period of imprisonment, the defendant committed no serious infractions. He participated in comprehensive alcohol and substance abuse programs, engaged in preindustrial training programs, enrolled in food preparation courses, and qualified to participate in an early work release program. While on work release, he worked in a pet supply store.
C. Substantial Justice Dictates
The People oppose the defendant’s resentencing to a determinate sentence on the grounds that he is a seasoned offender who had been “conducting an extremely lucrative drug business” out of his apartment, and received his nine years to life sentence after negotiating an advantageous plea that substantially reduced the period of incarceration he faced had he been tried and convicted on the more serious crimes for which he had been indicted. They argue that as an “armed and savvy [drug] entrepreneur” the defendant was not the intended target of the ameliorative measures passed by the Legislature when they amended the harsh Rockefeller laws. They add that given his criminal history, the defendant should remain on lifetime parole.
The defendant counters by noting that when it promulgated the Drug Law Reform Act, the Legislature did not seek to distinguish between defendants sentenced after trial and those who received a negotiated sentence after pleading guilty, nor did it draw a distinction between drug offenders who were addicts or mules and dealers and traffickers. Although the defendant will be terminated from lifetime parole after three years of continuous good behavior, his counsel observes that the policies attendant parole supervision put his client at risk of being violated even if he commits no new crimes. For this reason, and despite the fact that the defendant must be sentenced to five years of postrelease supervision, two years more than the three-year parole termination period, counsel maintains that the defendant should be resentenced if he so desires.
Substantial justice in this case dictates that the defendant not be resentenced. This court is convinced that although the defen *994 dant is technically eligible to be resentenced, he was not the intended beneficiary of the ameliorative measures enacted by the Legislature to reduce the harsh sentences meted out under the Rockefeller laws, since he has already been presumptively released and no longer is in the custody of the Department of Correctional Services (cf. People v Bagby, 11 Misc 3d 882 [2006]). The defendant’s claim that as an A-II felony offender he would be held to a stricter standard of conduct by the Division of Parole and will therefore more likely be violated before the expiration of the three-year parole period that follows his presumptive release is not a sufficient reason to have him resentenced. If he is in fact unjustly violated, he has recourse under Executive Law § 259-i (3) (c) (i) to request a hearing and contest the revocation of his presumptive release. His further claim that his institutional record of confinement militates in favor of resentencing is similarly unpersuasive. Defendant’s good behavior earned him merit time allowance under Correction Law § 806, which reduced his minimum term of imprisonment by three years, and earned him early release. He already has garnered a substantial benefit from his participation in the various institutional programs and good conduct. On balance, after weighing the charges with which the defendant was charged and the purpose of the penal sanction (People v Farrar, 52 NY2d 302, 305 [1981]), substantial justice dictates that he not be resentenced.
Conclusion
Based on the foregoing, the defendant’s application for resentencing is denied.

. Defendant’s counsel submitted a subsequent affirmation in further support of (defendant’s) petition for resentencing dated February 17, 2006, and a reply affirmation dated March 31, 2006.

. In addition to reviewing and considering the parties’ written submissions, the court has also reviewed the defendant’s criminal history, and the court file pertaining to Indictment No. 8804-99.

. The defendant was charged with attempting to smuggle two bags of spaghetti from the commissary.