■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARVIN BUTTS, Respondent. [815 NYS2d 839]—

Appeal from those parts of a new sentence of the Onondaga County Court (Anthony F. Aloi, J.), rendered April 20, 2005 imposed upon defendant's conviction of conspiracy in the second degree and criminal possession of a controlled substance in the third degree. Defendant was sentenced pursuant to the Drug Law Reform Act upon his 1997 conviction.

It is hereby ordered that the sentence insofar as appealed from be and the same hereby is unanimously reversed on the law and the original sentences imposed on conspiracy in the second degree and criminal possession of a controlled substance in the third degree are reinstated.

Memorandum: The People appeal from those parts of a new sentence imposed by County Court upon defendant's 1997 conviction of conspiracy in the second degree (Penal Law § 105.15) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Pursuant to the Drug Law Reform Act (L 2004, ch 738), the court was authorized to vacate the original sentence imposed upon the count of criminal possession of a controlled substance in the first degree (§ 220.21 [1]), a class A-I felony, and to resentence defendant in accordance with section 70.71 of the Penal Law (see L 2004, ch 738, § 23). The court, however, was not similarly authorized pursuant to the Drug Law Reform Act to vacate the original sentences imposed on the counts of conspiracy in the second degree and criminal possession of a controlled substance in the third degree, class B felonies, and to resentence defendant on those counts (see People v Pauly, 21 AD3d 595, 597 [2005]; People v Alexander, 7 Misc 3d 1017[A], 2005 NY Slip Op 50635[U]). Nor does CPL 440.20 authorize a reduction in the original sentences imposed upon defendant's conviction of the class B felonies inasmuch as defendant is entitled to relief under that section only if the original sentences were "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]; see People v Stephen, 7 Misc 3d 525, 527 [2005]; see generally People v Corso, 40 NY2d 578, 580 [1976]). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Smith and Green, JJ.