■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. CAVALLARO, Appellant. [846 NYS2d 823]—

Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 1, 2006, which denied defendant's motion for resentencing pursuant to the Drug Law Reform Act of 2005.

In 1989, defendant pleaded guilty to one count of criminal possession of a controlled substance in the second degree—a class A-II felony—and was sentenced to a term of imprisonment of six years to life. Defendant was released on parole on this conviction in 1994 but was later returned to prison upon his plea of guilty to one count of attempted assault in the second degree. Although he has completed his sentence for his attempted assault conviction, defendant remains incarcerated on his drug possession conviction. Although he has been eligible for parole release on this conviction, he has been denied parole on multiple occasions. Following its enactment, defendant applied for resentencing under the Drug Law Reform Act of 2005 (L 2005, ch 643, § 1) but, finding that he did not meet the requirements of the statute, County Court denied his request. Defendant appeals.

Inasmuch as "the drug reform laws were [not] intended to apply to offenders who have served their term of imprisonment, been released to parole supervision, violated their parole and, as a result, were subject to a subsequent period of incarceration" (*People v McCloud*, 38 AD3d 1056, 1057 [2007], *lv dismissed* 8 NY3d 947 [2007]), County Court properly denied defendant's request for resentencing. Furthermore, the letter submitted by defendant to the Board of Parole purporting to "irrevocabl[y] waive[ ] . . . [his] right to appear before the Board of Parole for three years and two weeks" did not bring him within the ambit of the Drug Law Reform Act of 2005 (*see People v Bagby*, 11 Misc 3d 882, 890-891 [2006]). Accordingly, we affirm the denial of defendant's application by County Court (*see People v Mc-Cloud*, 38 AD3d at 1057).

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.