■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIS RODRIGUEZ, Appellant. [876 NYS2d 902]—

Appeal by the defendant from an order of the County Court, Dutchess County (Dolan, J.), dated April 20, 2006, which denied, without a hearing, his motion for resentencing pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643) on his conviction of criminal possession of a controlled substance in the second degree, which sentence was originally imposed, upon his plea of guilty, on April 12, 2000.

Ordered that the order is affirmed.

On April 12, 2000, the defendant was sentenced to an indeterminate term of 3 years to life imprisonment, upon his plea of guilty to criminal possession of a controlled substance in the second degree. He was released on parole on March 3, 2001, but was soon re-arrested for new drug offenses. On December 18, 2001, he was sentenced to an indeterminate term of 5 to 10 years imprisonment as a second felony offender upon his plea of guilty to the crime of criminal sale of a controlled substance in

the third degree. This sentence was to run consecutively to the time remaining on the sentence for his 2000 conviction when his parole thereunder was revoked.

As the defendant had already been released on parole in connection with his 2000 conviction when he brought his motion for resentencing under the Drug Law Reform Act of 2005 (L 2005, ch 643), he was no longer eligible for resentencing even though his parole had been revoked when he was subsequently convicted in 2001 of a new drug offense (*see People v Mills*, 11 NY3d 527 [2008]; *People v Hardy*, 49 AD3d 779 [2008]; *People v Hernandez*, 46 AD3d 1425 [2007]; *People v Cavallaro*, 46 AD3d 1024 [2007]). Thus, the Supreme Court properly denied the defendant's motion without first holding a hearing. Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.