■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ARANA, Also Known as FERNANDO FRANCO, Appellant. [820 NYS2d 251]—

Order, Supreme Court, New York County (Edward McLaughlin, J.), dated August 11, 2005, which denied defendant's motion to be resentenced, unanimously reversed, on the law, and the matter remanded to Supreme Court for it to exercise its discretion and determine, either on the current record or on the basis of any additional submissions the parties might make, whether "substantial justice dictates that the application should be denied."

Although it is possible that Supreme Court correctly understood that defendant was within the category of offenders eligible to be considered for resentencing under chapter 738 of the Laws of 2004, the Drug Law Reform Act (DLRA), on this record the more reasonable conclusion is that Supreme Court "failed to exercise its discretion because it erroneously perceived that it had no discretion to exercise" (*People v Cronin*, 60 NY2d 430, 433 [1983]). After stressing defendant's criminal record and the enormous magnitude of the quantities of cocaine defendant helped to distribute, Supreme Court stated as follows: "There is no way the legislature had any intention whatsoever to include [defendant and his codefendants] or anybody else in this category in their revision of the laws, and I will not do it." This view of the statute, moreover, is consistent with the view Supreme Court expressed several weeks before in a written decision in an unrelated case, *People v LaFontaine* (9 Misc 3d 434, 439 [2005] ["Defendant is not a person within the contemplation of those who debated the (DLRA), either formally or informally, or in the category of persons whom the legislative and executive branches sought to help"]).

That view of the DLRA cannot be reconciled with the text of the statute. Section 23 of the DLRA states that "any person" in the custody of the Department of Correctional Services convicted of a class A-I felony drug offense and sentenced (as all such offenders must be) to an indeterminate term of imprisonment with a minimum term of not less than 15 years may apply to be resentenced in accordance with the provisions of Penal Law § 70.71, added to the Penal Law by section 36 of the DLRA. Although the Legislature differentiated between such offenders on the basis of whether they had previously been convicted of a violent felony offense, it did not do so with respect to their eligibility to apply for resentencing. Rather, the Legislature provided in Penal Law § 70.71 that persons previously convicted of violent felony offenses and serving such indeterminate sentences for class A-I felony drug offenses would be able to receive less substantial sentencing relief if the applications were granted.

After broadly defining the offenders permitted to apply for resentencing, the Legislature prescribed in broad but indefinite terms what the court should do after reviewing a resentencing application. Specifically, the Legislature directed that the court "shall" grant the application (to the extent of specifying what the new determinate sentence would be) "unless substantial justice dictates that the application should be denied" (DLRA § 23).

As Supreme Court observed in its earlier decision, individual legislators made statements during the floor debates on the DLRA that are consistent with the proposition that the Legislature "identified those deserving of more lenient treatment as low-level, nonviolent drug offenders, first-time offenders who were misguided in their youth, mules, addicts driven to possession or selling drugs because of a drug habit, or others duped or coerced into a drug transaction by a supposed friend or a domineering spouse" (*LaFontaine*, 9 Misc 3d at 438). But the paradigmatic circumstances for sentencing relief should not be confused with the essential circumstances. The text of the statute is inconsistent with Supreme Court's apparent view, and the text controls over statements made by individual legislators during debates (*see Schultz v Harrison Radiator Div. Gen. Motors Corp.*, 90 NY2d 311, 318 [1997] ["the statements of legislators made during legislative debates are not dispositive of legislative intent"]; *cf. Woollcott v Shubert*, 217 NY 212, 221 [1916] ["It is established law . . . that the statements and opinions of legislators uttered in the debates are not competent aids to the court in ascertaining the meaning of statutes"]).

It is worthy of note that, in denying defendant's application, Supreme Court made no mention of his institutional record of confinement. To be sure, DLRA § 23 does not require the court reviewing an application for resentencing to consider the offender's institutional record. Rather, it provides that the court "may . . . consider the institutional record of confinement" of the offender. The point is that the absence of any mention of defendant's institutional record is itself remarkable. That Supreme Court did not mention it is consistent with an erroneous belief that because defendant was not eligible for resentencing, there was no reason for the court to exercise its discretion and consider defendant's institutional record.

Given the enormity of the volume of drugs defendant helped to transport, we express no opinion as to whether Supreme Court properly could exercise its discretion and determine that "substantial justice dictates" denial of defendant's application for resentencing. In the first instance, that is a matter for Supreme Court.* Defendant is entitled under the DLRA to have Supreme Court review his application and determine whether "substantial justice dictates" its denial and, if not, to inform defendant of the new sentence it would impose. Concur—Andrias, J.P., Sullivan, Williams, Sweeny and McGuire, JJ.

---

* Defendant's request for remand to a different justice is without merit.