◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO LAFONTAINE, Appellant. [827 NYS2d 153]—

Order, Supreme Court, New York County (Edward J. McLaughlin, J.), entered July 29, 2005, which denied defendant's motion to be resentenced, unanimously reversed, on the law, and the matter remanded to Supreme Court for it to exercise its discretion and determine, either on the current record or on the basis of any additional submissions the parties might make, whether substantial justice dictates that the application should be denied, and, if not, to inform defendant of the new sentence it would impose.

As we recently held in *People v Arana* (32 AD3d 305 [2006]), defendant, as a person serving a sentence for an A-I drug felony, is eligible for resentencing pursuant to the Drug Law Reform Act (L 2004, ch 738). Accordingly, Supreme Court erred in denying defendant's resentencing motion on the ground of ineligibility, and we reverse and remand for Supreme Court to exercise its discretion in determining whether "substantial justice dictates that the application should be denied" (*id.*, § 23), and, if not, to inform defendant of the new sentence it would impose (*see Arana*, 32 AD3d at 307). Supreme Court did not err, however, in denying the motion for recusal, and defendant's request for remand to a different justice is without merit. Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ. [*See* 9 Misc 3d 434 (2005).]