■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN VASQUEZ, Appellant. [837 NYS2d 87]—Order, Supreme Court, New York County (Charles H. Solomon, J.), entered on or about September 8, 2006, which denied defendant's motion to be resentenced pursuant to the Drug Law Reform Act, unanimously affirmed.

Section 23 of the Drug Law Reform Act (L 2004, ch 738) provides, in pertinent part, that the court should grant a resentencing application "unless substantial justice dictates that the application should be denied." The court, which expressly stated that defendant was eligible to be considered for resentencing, properly recognized the degree of discretion it possessed (*compare e.g. People v Arana*, 32 AD3d 305 [2006]) and providently exercised it. "The Legislature could have made resentencing automatic, or it could have required a finding of extraordinary circumstances in order to deny resentencing, but it did not do either" (*People v Gonzalez*, 29 AD3d 400 [2006], *lv denied* 7 NY3d 867 [2006]). Defendant was a large-scale narcotics and firearms dealer, and there is no basis for disturbing the court's determination that, in view of the seriousness of defendant's crimes, resentencing was not warranted. Concur— Tom, J.P., Mazzarelli, Andrias, Williams and McGuire, JJ.