■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALEA, Appellant. [848 NYS2d 96]—

Order, Supreme Court, New York County (Charles H. Solomon, J.), entered on or about September 8, 2006, which denied defendant's motion to be resentenced pursuant to the 2005 Drug Law Reform Act (DLRA), unanimously affirmed.

The court properly found that "substantial justice" dictated that defendant's application be denied (L 2005, ch 643, § 1). Defendant was a member of a large-scale narcotics and firearms selling organization, who was personally involved in a number of sales to undercover officers, and we find no basis for disturbing the court's determination that, in view of the seriousness of defendant's crimes, resentencing was inappropriate (*see e.g. People v Vasquez*, 41 AD3d 111 [2007], *lv dismissed* 9 NY3d 870 [2007]).

Defendant did not preserve his challenge to the constitutionality of the resentencing procedure and we decline to review it in the interest of justice. Were we to review this claim, we would find it without merit. Defendant asserts that the denial of resentencing was based on factual findings, as to which he had a constitutional right to a jury trial. However, defendant's original sentence was based solely on his guilty plea and his prior convictions, and any resentencing under the DLRA would not enhance his sentence but would reduce it (*compare Apprendi v New Jersey*, 530 US 466 [2000]). In any event, consideration of "any facts or circumstances relevant to the imposition of a new sentence," including a defendant's "institutional record of confinement," as authorized by the statute (L 2005, ch 643,

§ 1), is indistinguishable from the court's traditional role in considering relevant factors for the purpose of choosing an appropriate sentence within the statutory range (*cf. People v Rosen*, 96 NY2d 329, 335 [2001]). Concur—Lippman, P.J., Marlow, Williams and Gonzalez, JJ.