∎ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELO MORALES, Appellant. [870 NYS2d 912]—Order, Supreme Court, New York County (Richard D. Carruthers, J.), entered on or about September 14, 2007, which denied defendant's motion to be resentenced under the Drug Law Reform Act of 2005, unanimously affirmed.

The court recognized the degree of discretion it possessed (*compare People v Arana*, 32 AD3d 305 [2006]), and providently exercised it. There is no basis for disturbing the court's determination that substantial justice dictated denial of the resentencing application, particularly in view of the seriousness of the underlying drug crime and its aggravating factors, as well as defendant's criminal history (*see e.g. People v Vasquez*, 41 AD3d 111 [2007], *lv dismissed* 9 NY3d 870 [2007]). We have considered and rejected defendant's remaining arguments. Concur—Saxe, J.P., Gonzalez, Sweeny, Renwick and DeGrasse, JJ.

∎ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARMALEE GALES, Appellant. [870 NYS2d 911]—Order, Supreme Court, New York County (Edward J. McLaughlin, J.), entered on or about September 19, 2006, and order, same court and Justice, entered March 9, 2007, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Saxe, J.P., Gonzalez, Sweeny, Renwick and DeGrasse, JJ.