■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERMAN RIOS-DAVILLA, Appellant. [883 NYS2d 480]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered May 19, 2003, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, and sentencing him to an aggregate term of 23 years to life, and order, same court and Justice, entered June 13, 2008, which denied defendant's application to be resentenced under the Drug Law Reform Act (L 2004, ch 738), unanimously modified, on the law, and the matter remanded to Supreme Court to exercise its discretion and determine, either on the current record or on the basis of any additional submissions the parties might make, whether substantial justice dictates denial of the resentencing application, and otherwise affirmed.

The court properly exercised its discretion in declining to recuse itself. Defendant did not establish that the court's impartiality might reasonably be questioned, or that the court had any other ethical obligation to grant the recusal motion. Defendant's recusal motion was based on allegations that after his first trial ended in a hung jury, the court had a conversation with jurors in which it expressed an opinion that the evidence had warranted a guilty verdict. Defendant did not submit any affidavits from former jurors, and we see no reason to disturb the court's own findings as to the nature of its conversations with such jurors. The court indicated that, at most, it had expressed an opinion on the strength of the People's case that it had formed through information it learned while presiding over the proceedings (see People v Moreno, 70 NY2d 403, 405-406 [1987]).

Defendant failed to preserve his arguments that during the trial, the court improperly denigrated defense counsel in the jury's presence and improperly participated in the examination of witnesses (see People v Charleston, 56 NY2d 886, 887-888 [1982]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Although some of the court's comments and interventions were inappropriate, they were not so egregious as to deprive defendant of a fair trial (see People v Arnold, 98 NY2d 63, 67 [2002]; People v Moulton, 43 NY2d 944 [1978]; compare People v Retamozzo, 25 AD3d 73 [2005]).

The court's charge, viewed as a whole, conveyed the correct standards (see People v Fields, 87 NY2d 821, 823 [1995]; People v Coleman, 70 NY2d 817 [1987]), and it did not misstate the burden of proof in a criminal case or contain any other constitutional errors.

Any error in precluding defendant from laying a foundation for the introduction of certain photographs was harmless in view of the overwhelming evidence of defendant's guilt and the photographs' limited probative value (see People v Crimmins, 36 NY2d 230 [1975]). Defendant failed to preserve his argument that the court's ruling deprived him of his constitutional right to present a defense (see People v Lane, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (see Crane v Kentucky, 476 US 683, 689-690 [1986]).

However, the court misapplied the Drug Law Reform Act in denying defendant's resentencing motion. After oral argument of the motion, the court first stated that it was "not going to talk to" defendant's favorable prison record or whether he had

shown remorse for his crimes, and then found that because defendant had been found in possession of 100 kilograms of cocaine at his home, he was "exactly the person who the statute was intended not to benefit." However, as we recognized in *People v Arana* (32 AD3d 305 [2006]), any person serving a sentence for an A-I drug felony, such as defendant, is eligible to apply for resentencing pursuant to the 2004 enactment. The court's statements indicate it erroneously believed that the volume of drugs in defendant's possession rendered him ineligible for resentencing, thus obviating the need to exercise its discretion in determining whether "substantial justice" required denial of the application (*see id.* at 307; *compare e.g. People v Montoya*, 45 AD3d 496 [2007], *lv dismissed* 10 NY3d 768 [2008] [court properly applied substantial justice standard in considering but denying large-scale trafficker's application]). Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Freedman, JJ.