OPINION OF THE COURT
Daniel P. Conviser, J.
The defendant moves to be resentenced pursuant to the Drug Law Reform Act of 2009 (L 2009, ch 56, part AAA, § 9, codified at CPL 440.46 [2009 DLRA]). That motion is opposed by the People. For the reasons stated below, although the defendant is eligible for resentencing, the court holds that substantial justice dictates the denial of defendant’s motion.
Statement of Facts
The defendant was arrested for the instant offense on October 16, 1994. He was convicted after a jury trial in that case of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and on January 27, 1997 sentenced as a second felony offender to concurrent indeterminate prison sentences of 5x/2 to 11 years. He was convicted in that case of selling $20 of cocaine to an undercover police officer.
On May 19, 1999, the defendant was released on parole. Approximately six months later he was arrested for another drug sale charge. He pleaded guilty to attempted criminal sale of a controlled substance in the third degree, a class C felony, on August 4, 2000. He then failed to appear in court for sentencing and a bench warrant for his appearance was issued on February 28, 2001. He was returned on that warrant a little more than two years later on May 2, 2003. He was sentenced upon that conviction on June 12, 2003 to an indeterminate sentence of imprisonment with a term of 3x/2 to 7 years.
The defendant subsequently moved pro se under the 2009 DLRA to be resentenced for this class C felony conviction. That motion was denied in Westchester County Supreme Court, inter alia, because the 2009 DLRA did not authorize the resentencing of class C felony drug offenders. (People v Nieves, Sup Ct, Westchester County, Dec. 8, 2000, Molea, J., unreported decision 00-826S.) The defendant then moved before this court for resentencing under the same statute. In that application, rather than moving to be resentenced for the class C felony sentence he was *350 serving, the defendant moved for resentencing with respect to the 572 to 11 year indeterminate sentence which was imposed on him for his 1997 class B felony drug conviction.
This court held that the defendant was ineligible for resentencing on that crime. The court noted that this sentence had expired in 2008, prior to the enactment of the 2009 DLRA and that the defendant was effectively moving, again, to reform the class C felony sentence he was currently serving, rather than his formerly imposed class B felony sentence. (People v Nieves, 27 Misc 3d 585 [Sup Ct, NY County 2010].) This court also denied defendant’s motion to reargue that decision. (People v Nieves, 27 Misc 3d 1202[A], 2010 NY Slip Op 50522[U] [Sup Ct, NY County 2010].) This court’s original decision, however, was then reversed in a brief decision by the First Department. (People v Nieves, 94 AD3d 671 [1st Dept 2012] [the First Department’s decision].) The substantive portion of that decision reads as follows:
“As the People concede, defendant is eligible to be considered for resentencing because he is deemed to still be serving a sentence for a class B drug felony. Defendant was convicted in 1996 of class B drug felonies and sentenced to concurrent terms of to 11 years. After being released on parole, he was convicted of another felony in 2003 and received a consecutive term of 372 to 7 years. Consecutive terms are treated as a single, aggregate term (see Penal Law § 70.30 [1] [b]; People v Buss, 11 NY3d 553 [2008]). Therefore, defendant is deemed to be serving a sentence of 9 to 18 years, for a conviction that qualifies for possible resentencing.” (94 AD3d at 671-672.)[1]
In its decisions denying the defendant’s resentencing motions, this court held that the defendant was ineligible for resentencing but did not reach the question of whether, assuming the defendant was so eligible, that motion should be granted. The defendant thus moves now for resentencing pursuant to the First Department’s decision. The instant motion is the fifth one which has been initiated in an attempt to reduce Mr. Nieves’s sentence. According to the First Department’s decision, the sentence at issue now is not only the class B felony *351 sentence imposed in 1997. It is the aggregate 9-to-18-year sentence for both the 1997 crime and the 2000 class C ineligible crime. That issue is addressed in more detail infra.
In addition to the charges outlined, supra, the defendant was convicted of criminal possession of a controlled substance in the fifth degree in 1990 and attempted criminal sale of a controlled substance in the third degree in 1991. Mr. Nieves also has seven misdemeanor convictions and an outstanding misdemeanor warrant. His misdemeanor convictions include several for criminal possession of a controlled substance as well as possession of burglar’s tools and criminal possession of stolen property.
In the instant motion, defendant’s counsel details the defendant’s significant positive achievements while incarcerated:
“He [Mr. Nieves] has participated in numerous programs in an attempt to address his substance abuse problem, including Residential Substance Abuse Treatment (‘RSAT’), ASAT, the Willard Drug Treatment Program, and the Relapse Prevention Program. He has also participated in vocational training programs and compiled an impressive work history, during which he has attained the title of group leader in numerous shops and repeatedly earned clearance to work outside of his facility. Moreover, his institutional file indicates that during the many years he has spent in prison Mr. Nieves has received a single disciplinary ticket [for being in possession of excess postage stamps]”[2] (citations omitted).
As the People recount in their affirmation in opposition to defendant’s motion, however, Mr. Nieves continues to have extensive and repeated contacts with the criminal justice system through parole violations and the commission of new crimes. Thus, his behavior in the community has been significantly more problematic than his behavior in prison:
“Beginning in 1988, Petitioner has had regular contact with the criminal justice system, being arrested almost yearly when he has not been incarcerated. Before the instant case, Petitioner was convicted of three narcotics sales in a five month period; in fact, Petitioner was on parole when he committed the narcotics felony for which he is requesting *352 resentencing. He was arrested in April, 1990 for the sale of narcotics, and while that case was pending disposition he was rearrested in June, 1990 for another sale of narcotics; while both those cases were pending, Petitioner was arrested again in September, 1990 for yet another sale of narcotics.
“After serving his sentence for the three aforementioned drug sales, Petitioner violated his parole less than a month after his release and spent almost 4 months in jail. Approximately 4 months after his release from that prison stay, Petitioner was arrested on the instant case. After serving his sentence on the instant case, Petitioner was arrested for his fifth narcotics-related sale approximately six months after his release and was only sentenced after he was returned on a bench warrant SVa years later. Since Petitioner’s last conviction for the sale of narcotics in 2000, he has had regular contact with the criminal justice system and has been incarcerated for parole violations five times. During his latest period of incarceration for parole violations, Petitioner filed this motion for resentencing. A day after his release from custody, on December 20, 2009, Petitioner was arrested for petit larceny.
“After pleading guilty to petit larceny and receiving a six month jail sentence, Petitioner spent three months in jail for violating his parole. Just six months later, Petitioner landed in jail again for yet another parole violation, for which he spent another six months in jail. Three months after being released for that parole violation, Petitioner violated his parole again in November 28, 2011 and he remains incarcerated as of the date of his response at the Bare Hill Correctional Facility.” (People’s affirmation at 13-14.)
Conclusions of Law[3]
The 2009 DLRA, inter alia, allows certain convicted class B felony drug offenders serving indeterminate sentences imposed *353 prior to January 13, 2005 to be resentenced to new determinate terms under the new determinate sentencing ranges created by the statute. The law first requires a court to determine whether a defendant is eligible for resentencing. In this case, the First Department has determined that the defendant is statutorily eligible for resentencing.
Resentencing Eligibility Rule
Before discussing the merits of the defendant’s motion, the eligibility issue analyzed in the First Department’s decision should be addressed. This court, respectfully, continues to believe that the defendant is ineligible for resentencing. Even assuming that he is eligible, however, the First Department’s decision has apparently announced a new sentence calculation rule applicable to 2009 DLRA resentencings which this court respectfully suggests could result in significant untoward consequences.
In this case, the court was directed to consider reforming the defendant’s entire 9-to-18-year sentence (“defendant is deemed to be serving a sentence of 9 to 18 years, for a conviction that qualifies for possible resentencing”). That is, the defendant’s class B felony 5 V2-to-11-year sentence and the ineligible class C felony 3V2-to-7-year sentence were both subject to revision under the First Department’s decision.[4] The class B felony sentence is now “deemed” to be a sentence of 9 to 18 years. If this court would have decided to resentence the defendant, however, since these two sentences were deemed to be one, this court could only have imposed one sentence for the one class B felony crime, not a sentence for that class B felony and then a second consecutive sentence for the ineligible class C felony.
Had this court offered the defendant a resentence, this would have resulted in a windfall for the defendant, with respect to the possible sentencing range he would have been subject to. As a second felony drug offender, the defendant, upon resentencing, would have been subject to a determinate sentence of between 2 and 12 years followed by a period of postrelease supervision with a term of between IV2 to 3 years. (Penal Law §§ 70.70, 70.45.) That sentencing range was intended by the 2009 DLRA to replace defendant’s class B felony indeterminate sentence of 5V2 to 11 years. Under the rule announced here, however, that *354 identical 2-to-12-year determinate term followed by postrelease supervision would be applied to the entire 9-to-18-year indeterminate term. That would render the 3V2-to-7-year sentence a nullity upon resentencing, or, viewed from a different perspective, mean that the resentencing would apply not only to the eligible class B felony sentence but to the ineligible class C felony sentence.
Such windfalls could be much more significant in other cases. Take the following hypothetical. The defendant moves to be resentenced for an eligible SVa-to-ll year DLRA sentence as a second felony drug offender, as is the case here. The defendant is also serving a consecutive 12V2-to-25-year sentence for a class B felony grand larceny charge. His aggregate term is thus 18 to 36 years’ imprisonment. If resentencing were granted, the court would be required to reform that entire sentence with a determinate term of between 2 and 12 years. That resentence would not primarily impact the eligible drug crime. It would primarily impact the ineligible grand larceny sentence. The identical result would have applied to the resentencing here in less dramatic fashion.
This court respectfully suggests that if the First Department believes defendants in cases like this are eligible for resentencing, the court should make it clear that any resentence replaces only a sentence which is eligible for resentencing, not the portion of an aggregate term for which resentencing is not available. Under the rule this court would propose in such circumstances, the defendant’s prior SVa-to-ll-year sentence would be replaced with a determinate sentence of between 2 and 12 years followed by a period of postrelease supervision. That resentence would then be added to the 3[1]/2-to-7-year indeterminate sentence for the ineligible class C felony drug crime the defendant is currently serving.
The other significant implication of the First Department’s decision, of course, will be that offenders will be able to petition for resentencing with respect to eligible convictions no matter how remote in time such convictions may be, so long as the sentences for those convictions are part of an aggregate term which the offender is still serving. Thus, for example, an offender who was given a 4[1]/2-to-9-year indeterminate sentence for a class B felony drug crime 30 years ago and then subsequently had additional sentences imposed for ineligible crimes as part of an ag *355 gregate term the offender is still serving can now petition to have that entire aggregate sentence reformed.[5]
Substantial Justice Determination
Where a defendant is statutorily eligible for resentencing, as here, a defendant must be offered a resentence under the DLRA pursuant to Penal Law §§ 60.04 and 70.70 unless “substantial justice dictates” that resentencing be denied. (CPL 440.46 [3], referencing L 2004, ch 738, § 23 [the Drug Law Reform Act of 2004].)[6] In making a determination concerning resentencing, the court may consider “any facts or circumstances” relevant to the imposition of a new sentence which are submitted by the defendant or the People and in addition shall consider a defendant’s institutional confinement record (L 2004, ch 738, § 23). Such a review shall include a petitioner’s disciplinary history and participation or willingness to participate in correctional treatment or programming. (Id.)
The legislature did not define what the term “substantial justice dictates” means but a number of parameters of the statute are obvious from its language and legislative history. First, where a defendant is eligible for resentencing, resentencing is not mandatory. Courts rather have a “measure of discretion” in determining whether or not to grant a resentencing application. (People v Vasquez, 41 AD3d 111 [1st Dept 2007], lv dismissed 9 NY3d 870 [2007].) It is also obvious that the statute is not neutral in guiding courts as to how to exercise that discretion. Rather, “there is a strong presumption in favor of granting a resentencing application for all eligible defendants.” (People v Lopez, 10 Misc 3d 1056[A], 2005 NY Slip Op 51975[U], *2 [Sup Ct, NY County 2005].)
There are a number of very important factors which argue that substantial justice does not dictate the denial of the defendant’s motion. He has a very positive prison record, which *356 reflects not only an almost complete absence of disciplinary violations but the completion of numerous important programs designed to promote the safe reintegration into society. Mr. Nieves’s record is devoid of violence. His crimes have obviously been fueled by his struggles with addiction. His drug crimes have all been of the low-level variety. In many important ways, he is precisely the kind of offender for whom the DLRA’s resentencing provisions were designed.
On the other hand, his behavior while at liberty in the community has been abysmal. Indeed it has been relentlessly, inexorably and consistently so. What is striking about Mr. Nieves’s criminal history is not that he has multiple felony convictions for the sale or attempted sale of narcotics. It is that his disregard for the law has clearly continued, unabated, even after he has served multiple terms of imprisonment, completed various positive programs and even, remarkably, while the instant motion has been pending. He committed his most recent misdemeanor offense a week after the instant motion was initially filed.[7] Just during the pendency of the instant motion, Mr. Nieves’s parole has been revoked three times. In total, he has had his parole revoked on 10 occasions. He has bench warranted six times. He absconded from the court with respect to his most recent felony conviction for more than three years. He has an outstanding misdemeanor warrant which he has thus far failed to clear from 2007. That followed a misdemeanor drug possession conviction earlier that year and another misdemeanor drug conviction the year before. Mr. Nieves’s summary criminal history indicates that has been convicted of seven felonies and been arrested for 28 crimes.
Obviously, this court may consider Mr. Nieves’s most recent conduct while on parole in determining whether substantial justice dictates the denial of the instant motion. (See People v Paulin, 17 NY3d 238, 244 [2011] [holding that although drug offenders who have committed parole violations are not statutorily ineligible for resentencing, “(i)t may be, of course, that many parole violators have shown by their conduct that they do not deserve relief from their sentences ... if that is the case, courts can deny their resentencing applications”].)
Mr. Nieves’s programmatic achievements while incarcerated are impressive. The problem is that these achievements have *357 apparently done nothing to mitigate his criminal lifestyle. His criminality is undoubtedly fueled by his drug abuse. But repeated drug treatment programs have apparently done nothing to mitigate that problem. In the court’s view, the legislature did not intend to make the ameliorative benefits of the 2009 DLRA available to an offender who is simply incapable of living within the bounds of the law. There is no reason to believe that upon release, Mr. Nieves will do anything other than what he has always done, unfortunately. That is, use drugs, violate the conditions of his parole and commit crimes. (See People v Correa, 83 AD3d 555, 556 [1st Dept 2011], lv denied 17 NY3d 805 [2011] [upholding a resentencing denial where “defendant’s chronic inability to control his behavior while at liberty outweighed his recent evidence of rehabilitation while incarcerated”].)
Mr. Nieves, moreover, continues to be incarcerated not because that is dictated by the terms of his existing sentence. He is incarcerated because he is incapable of complying with the terms of his parole supervision. Thankfully, Mr. Nieves is not a violent man. So his early release under the 2009 DLRA would likely result in only thefts and drug crimes. But that does not serve the public interest. These are not results which the legislature sought to promote when it enacted the statute. What is problematic about Mr. Nieves is not his criminal history. It is that his criminal conduct shows no signs of abating. Defendant’s counsel provides a positive prognosis about Mr. Nieves’s return to society. Unfortunately, however, the evidence does not provide support for that rosy outlook. This court wishes it were otherwise. Unfortunately, however, it is this court’s view that the defendant’s consistent conduct while at liberty in the community dictates the denial of the instant motion. That motion is therefore denied.

. As noted, supra, the defendant’s conviction for the class C felony for which he received an indeterminate sentence of 3V2 to 7 years was in 2000. He was sentenced in 2003 after absconding for more than three years. As noted, supra, his class B felony conviction occurred in 1997.

. Defendant’s affirmation in support of motion for resentencing, June 4, 2012, ¶ 8.

. In addition to its decisions in Nieves, this court has issued three previously reported opinions in which it analyzed the resentencing provisions of the 2009 DLRA. (See People v Jones, 25 Misc 3d 1238[A], 2009 NY Slip Op 52483[U] [Sup Ct, NY County 2009]; People v Brown, 26 Misc 3d 1204[A], 2010 NY Slip Op 50000[U] [Sup Ct, NY County 2010]; People v Figueroa, 27 Misc 3d 751 [Sup Ct, NY County 2010].) Some analysis and language from those previous decisions is incorporated in the instant decision and order.

. As this court outlined in its original decision in this case, there is no question that defendant’s class C felony sentence standing alone would not qualify for resentencing under the 2009 DLRA. (See Nieves, 27 Misc 3d at 589-590.)

. The People apparently agree with the manner in which the First Department interpreted the 2009 DLRA in this case. The First Department’s decision says as much (see decision, supra) and the People, in their instant response, did not express any concerns about the holding.

. The DLRA’s standard for determining whether an eligible offender should be resentenced — that such resentencing should be imposed unless “substantial justice dictates” otherwise — is the same standard which was used in the first Drug Law Reform Act of 2004, which, inter alia, authorized resentencing for eligible class A-I felony drug offenders. The 2004 standard is incorporated by reference in the 2009 DLRA. The legislative history and case law interpreting the 2004 law are thus obviously relevant in interpreting the 2009 statute.

. The defendant’s original motion was filed on December 15, 2009. He was arraigned on his most recent criminal charge (petit larceny) on December 22, 2009.