■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NIEVES, Appellant. [958 NYS2d 128]—Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered on or about July 9, 2012, which, upon remand, denied defendant's CPL 440.46 motion for resentencing, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded to a different Justice for further proceedings on the motion.

Defendant was convicted in 1997 of class B drug felonies and sentenced to concurrent terms of 5½ to 11 years. Following his release on parole, he was convicted of a class C felony in 2003 and was sentenced to a term of 3½ to 7 years to run consecutively to the sentences imposed on the class B felonies. Thereafter, in 2009, defendant moved for resentencing on the class B felonies and Supreme Court denied the motion on the grounds that defendant was ineligible (*People v Nieves*, 27 Misc 3d 585 [Sup Ct, NY County 2010]). Defendant appealed and this Court reversed the denial of the motion and remanded the matter for further proceedings (*People v Nieves*, 94 AD3d 671 [2012]). This Court found that pursuant to Penal Law § 70.30 (1) (b) "[c]onsecutive terms are treated as a single, aggregate term [and thus]

defendant is deemed to be serving a sentence of 9 to 18 years, for a conviction that qualifies for possible resentencing" (*id.* at 672 [citations omitted]).

Defendant then brought the subject motion for resentencing, and in denying the motion, the resentencing court misconstrued this Court's prior decision. The resentencing court mistakenly concluded that this Court held that defendant was eligible for resentencing on both the class B and class C felonies. Rather, our prior decision simply reasoned that, at the time defendant's resentencing motion was initially denied, defendant was deemed to still be serving a sentence on the class B felonies despite his release to parole on that conviction because consecutive sentences are treated as a single, aggregate term.

We cannot say that the resentencing court's misapprehension of our prior decision did not influence its substantial justice analysis. Thus, we remand the matter to Supreme Court to exercise its discretion and determine whether substantial justice dictates that the application should be denied. Defendant's request for assignment of the case to a different Justice is granted. Concur—Friedman, J.P., Acosta, Renwick, Richter and Román, JJ. **[Prior Case History: 37 Misc 3d 348.]**