# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**294**

**KA 11-01265**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

TIMOTHY L. KEELS, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered May 10, 2011. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [3]). We reject defendant's contention that his counsel was ineffective in failing to move to reopen the *Wade* hearing because the determination denying his motion to suppress identification testimony was undermined by trial evidence. As an initial matter, we note that a suppression determination must be based solely on the evidence presented at the suppression hearing, and thus the court could not reconsider its *Wade* determination based on trial testimony (*see People v Riley*, 70 NY2d 523, 532; *People v Evans*, 291 AD2d 868, 869). In any event, the record establishes that, at a reopened *Wade* hearing, the People could have called the victim to testify that he had an independent basis for his in-court identification of defendant (*see People v Elamin*, 82 AD3d 1664, 1665, *lv denied* 17 NY3d 794; *People v Hill*, 53 AD3d 1151, 1151-1152).

Defendant contends that the verdict is against the weight of the evidence with respect to the use of force to steal the motor vehicle (*see* Penal Law § 160.10 [3]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contentions that he was deprived of a fair trial based on prosecutorial misconduct during examination of one of the People's witnesses and during summation (*see People v Brown*, 94 AD3d 1461, 1462, *lv denied* 19 NY3d 995). In any event, those contentions are without merit. The prosecutor did not mislead the jury regarding the function of a judicial subpoena testificandum or the power of a prosecutor to compel testimony. While a subpoena may secure the attendance of a witness at trial (*see* CPL 610.10 [1], [2]), contrary to defendant's contention, it does not assure the cooperation of the witness (*see generally People v Woodruff*, 26 AD2d 236, 237, *affd* 21 NY2d 848). We further conclude that the prosecutor did not vouch for a witness for the People. An argument by counsel on summation, based on the record evidence and reasonable inferences drawn therefrom, that his or her witnesses have testified truthfully is not vouching for their credibility (*see People v Bailey*, 58 NY2d 272, 277; *cf. United States v Spinelli*, 551 F3d 159, 168-169, *cert denied* 558 US 939; *United States v Rivera*, 22 F3d 403, 437-438).

We reject defendant's related contention that he was denied effective assistance of counsel based on defense counsel's failure to object to the prosecutor's alleged misconduct. As noted, neither the prosecutor's questioning of the People's witness under subpoena nor her comments during summation concerning the witness's willingness to testify constituted improper vouching or other prosecutorial misconduct. Thus, defense counsel's failure to object to the allegedly improper questions to the witness under subpoena or the comments by the prosecutor on summation does not constitute ineffective assistance of counsel (*see generally People v Brown*, 17 NY3d 742, 743-744). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  May 8, 2015                      Frances E. Cafarell
                                           Clerk of the Court