■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW B. WOMACK, Appellant. [57 NYS3d 301]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered June 25, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree and offering a false instrument for filing in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a forged instrument in the second degree (Penal Law § 170.25), and offering a false instrument for filing in the first degree (§ 175.35). Defendant failed to preserve for our review his contention in his main brief that he was penalized for exercising his right to a trial, "inasmuch as [he] failed to raise that contention at sentencing" (*People v Stubinger*, 87 AD3d 1316, 1317 [2011], *lv denied* 18 NY3d 862 [2011]; *see People v Pope*, 141 AD3d 1111, 1112 [2016], *lv denied* 29 NY3d 951 [2017]). In any event, that contention lacks merit. " 'Given that the *quid pro quo* of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea' " (*People v Martinez*, 26 NY3d 196, 200 [2015]). Here, contrary to defendant's contention, "[t]here is no evidence that defendant was given the lengthier sentence solely as a punishment for exercising his right to a trial" (*People v Aikey*, 94 AD3d 1485, 1486 [2012], *lv denied* 19 NY3d 956 [2012] [internal quotation marks omitted]; *see Pope*, 141 AD3d at 1112). We

reject defendant's challenge in his main brief to the severity of the sentence.

In his pro se supplemental brief, defendant contends that the evidence is legally insufficient to establish two elements of the criminal possession of a forged instrument count, i.e., that he acted with knowledge that the instrument was forged and "with intent to defraud, deceive or injure another" (Penal Law § 170.25; *see People v Rodriguez*, 17 NY3d 486, 490 [2011]). In his motion for a trial order of dismissal, defendant contended only that the evidence is legally insufficient to establish that he acted with the requisite knowledge, and he therefore failed to preserve for our review his contention with respect to the element of intent (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention lacks merit. It is well settled that intent may " 'be inferred from the defendant's conduct and the surrounding circumstances' " (*People v Bracey*, 41 NY2d 296, 301 [1977], *rearg denied* 41 NY2d 1010 [1977]; *see Rodriguez*, 17 NY3d at 489). Here, viewing the evidence, as we must, in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient with respect to the element of intent (*see generally Rodriguez*, 17 NY3d at 489-491).

Furthermore, with respect to defendant's challenge to the sufficiency of the evidence regarding the element of knowledge, it is well settled that "[g]uilty knowledge of forgery may be shown circumstantially by conduct and events" (*People v Johnson*, 65 NY2d 556, 561 [1985], *rearg denied* 66 NY2d 759 [1985]). Here, we conclude that "the jury . . . had a sufficient evidentiary basis upon which to find defendant's knowledge of the forged character of the possessed instrument beyond a reasonable doubt" (*id.*; *see People v Hold*, 101 AD3d 1692, 1693 [2012], *lv denied* 21 NY3d 1016 [2013]). Thus, we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Furthermore, contrary to the contention of defendant in his pro se supplemental brief, viewing the evidence in light of the elements of the crime of criminal possession of a forged instrument in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that count is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant also failed to preserve for our review his contention in his pro se supplemental brief that he was deprived of a fair trial by prosecutorial misconduct on summation because he "failed to object to any of the remarks by the prosecutor

during summation" (*People v Simmons*, 133 AD3d 1275, 1277 [2015], *lv denied* 27 NY3d 1006 [2016]). In any event, defendant's contention lacks merit. The prosecutor did not improperly vouch for the credibility of a prosecution witness on summation, because "[a]n argument by counsel on summation, based on the record evidence and reasonable inferences drawn therefrom, that his or her witnesses have testified truthfully is not vouching for their credibility" (*People v Keels*, 128 AD3d 1444, 1446 [2015], *lv denied* 26 NY3d 969 [2015]; *see People v Bailey*, 58 NY2d 272, 277 [1983]). Furthermore, the prosecutor's remarks were "a fair response" to defense counsel's summation, inasmuch as defense counsel's entire summation was an attack on the credibility of that prosecution witness (*Simmons*, 133 AD3d at 1278; *see People v Halm*, 81 NY2d 819, 821 [1993]). Present—Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.