People v Thomas (2018 NY Slip Op 00723)





People v Thomas


2018 NY Slip Op 00723


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1292 KA 13-00150

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JYQUALE J. THOMAS, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered December 19, 2012. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). We reject defendant's contention that a new trial is warranted because the People failed to disclose Brady material in a timely manner. Even assuming, arguendo, that the victim's pretrial expression of concern about possible negative consequences of not providing an in-court identification of defendant for the People constituted material favorable to defendant that was withheld until after commencement of the trial (see generally People v Barnes, 200 AD2d 751, 751-752 [2d Dept 1994], lv denied 83 NY2d 849 [1994]), we conclude that defendant's constitutional right to a fair trial was not violated (see generally People v Garrett, 23 NY3d 878, 884-885 [2014], rearg denied 25 NY3d 1215 [2015]). "Untimely or delayed disclosure will not prejudice a defendant or deprive him or her of a fair trial where[, as here,] the defense is provided with a meaningful opportunity to use the allegedly exculpatory [or impeaching] material to cross-examine the People's witnesses or as evidence during his [or her] case' " (People v Carter, 131 AD3d 717, 718-719 [3d Dept 2015], lv denied 26 NY3d 1007 [2015], quoting People v Cortijo, 70 NY2d 868, 870 [1987]; see People v Jackson, 281 AD2d 906, 907 [4th Dept 2001], lv denied 96 NY2d 920 [2001]). Contrary to defendant's contention, there is no "reasonable possibility that the outcome of the trial would have differed had the [information] been [disclosed sooner]" (People v Scott, 88 NY2d 888, 891 [1996]; see People v Milton, 90 AD3d 1636, 1637 [4th Dept 2011], lv denied 18 NY3d 996 [2012]).
Defendant also contends that the evidence is legally insufficient to establish his identity as the robber. We reject that contention. The evidence at trial established that the victim was walking home from a bus stop at night in his neighborhood when, after turning around a couple times and seeing someone in the area, the victim heard footsteps directly behind him, turned around again, and saw a man pointing what appeared to be a shotgun at his head. The robber demanded money, and the victim handed him money and a bus pass. Although the victim did not identify defendant as the robber, the People adduced circumstantial evidence of guilt, including defendant's statement to a fellow jail inmate that he was present for the robbery, evidence that defendant was connected to a vehicle that the victim recognized in the area around the time of the robbery, and evidence that both defendant and the victim were at an office building the following day when the victim observed a person who looked like the robber. There was also direct evidence of guilt, inasmuch as defendant admitted to a second inmate that he committed the robbery (see People v Heck, 103 AD3d 1140, 1141 [4th Dept 2013], lv denied 21 NY3d 1074 [2013]; People v Williams, 45 AD3d 905, 905 [3d Dept 2007], lv denied 10 NY3d 818 [2008]). In addition, the testimony that defendant requested that the second inmate kill the victim to [*2]prevent him from testifying at trial is evidence of consciousness of guilt and further supports the jury's finding of guilt (see generally People v Pawlowski, 116 AD2d 985, 986 [4th Dept 1986], lv denied 67 NY2d 948 [1986]). Based on the foregoing, we conclude that the direct and circumstantial evidence adduced at trial, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), provides a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, although a different result would not have been unreasonable (see People v Danielson, 9 NY3d 342, 348 [2007]; Bleakley, 69 NY2d at 495), we conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495; People v Zacharek, 170 AD2d 1008, 1008 [4th Dept 1991], lv denied 77 NY2d 969 [1991]). It is well settled that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (People v Witherspoon, 66 AD3d 1456, 1457 [4th Dept 2009], lv denied 13 NY3d 942 [2010] [internal quotation marks omitted]), and we perceive no reason to disturb the jury's resolution of those issues here. Contrary to defendant's contention, "the testimony of the People's witnesses was not incredible as a matter of law, i.e., it was not impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Resto, 147 AD3d 1331, 1334 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017] [internal quotation marks omitted]). The testimony of the People's witnesses "was not rendered incredible as a matter of law . . . by the fact that [several] of them had criminal histories and received favorable treatment in exchange for their testimony" (id.).
We reject defendant's contention that Supreme Court abused its discretion in permitting one of the People's witnesses to testify about defendant's connection to the vehicle and his presence in the office building inasmuch as that testimony was relevant to the central issue in the case, i.e., identity, and the probative value of that testimony was not " substantially outweighed by the potential for prejudice' " (People v Harris, 26 NY3d 1, 5 [2015]; see People v Inman, 134 AD3d 1434, 1436 [4th Dept 2015], lv denied 27 NY3d 999 [2016]).
We also reject defendant's contention that he was deprived of a fair trial by prosecutorial misconduct on summation. Contrary to defendant's contention, "[t]he prosecutor did not improperly vouch for the credibility of a prosecution witness on summation, because [a]n argument by counsel on summation, based on the record evidence and reasonable inferences drawn therefrom, that his or her witnesses have testified truthfully is not vouching for their credibility' " (People v Womack, 151 AD3d 1754, 1756 [4th Dept 2017], lv denied 29 NY3d 1136 [2017]; see People v Bailey, 58 NY2d 272, 277 [1983]). Furthermore, "the prosecutor's closing statement must be evaluated in light of the defense summation, which put into issue the [witnesses'] character and credibility and justified the People's response" (People v Halm, 81 NY2d 819, 821 [1993]) and, here, we conclude that "the prosecutor's comments at issue on summation were a fair response to defense counsel's summation and did not exceed the bounds of legitimate advocacy' " (People v Carrasquillo-Fuentes, 142 AD3d 1335, 1338 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]; see Womack, 151 AD3d at 1756).
We reject defendant's contention that the court abused its discretion in denying his motion for recusal from further proceedings after the court, over defendant's objection, spoke privately with the jurors following the verdict. Where, as here, "recusal is sought based upon impropriety as distinguished from legal disqualification, the judge . . . is the sole arbiter' " of whether to grant such a motion (People v Moreno, 70 NY2d 403, 406 [1987]). Here, the court determined that its discussion with the jurors stayed within appropriate parameters, and we conclude that there is no basis on this record to determine that the court abused its discretion in declining to recuse itself (see People v Rios-Davilla, 64 AD3d 482, 483 [1st Dept 2009], lv denied 13 NY3d 838 [2009]; see generally Moreno, 70 NY2d at 405-406).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Finally, defendant's remaining contention is not preserved for
our review (see CPL 470.05 [2]) and, in any event, is without merit.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court