People v Gulbin (2018 NY Slip Op 06654)





People v Gulbin


2018 NY Slip Op 06654


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


974 KA 15-01425

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
IAN GULBIN, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered October 30, 2014. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law
§ 125.25 [4]). The conviction arises from defendant's brutal and unconscionable conduct in beating to death a 13-month-old infant entrusted to his care. We affirm.
We conclude that defendant validly waived his right to appeal (see People v Lopez, 6 NY3d 248, 256-257 [2006]). Defendant's valid waiver of the right to appeal forecloses his statutory and constitutional challenges to the severity of his sentence (see People v Marshall, 144 AD3d 1544, 1545 [4th Dept 2016]). Even assuming, arguendo, that defendant's waiver of his right to appeal does not foreclose his further contention that County Court should have recused itself at sentencing (see People v Walker, 100 AD3d 1522, 1523 [4th Dept 2012], lv denied 20 NY3d 1104 [2013]), that contention is nevertheless unpreserved for our review (see People v Sparks, 160 AD3d 1279, 1280 [3d Dept 2018]), and we decline to address it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Defendant's further contention that the court impermissibly enhanced his sentence in retaliation for his motion to withdraw the plea survives his appeal waiver (see People v Weinstock, 129 AD3d 1663, 1664 [4th Dept 2015], lv denied 26 NY3d 1012 [2015]), but that contention is also unpreserved for our review (see People v Womack, 151 AD3d 1754, 1754 [4th Dept 2017], lv denied 29 NY3d 1136 [2017]), and we likewise decline to address it as a matter of discretion in the interest of justice. Defendant's remaining contention, i.e., that his allocution failed to affirmatively establish each element of the crime, is not a recognized ground for vacating a guilty plea (see People v Goldstein, 12 NY3d 295, 300-301 [2009]; People v Madden, 148 AD3d 1576, 1578 [4th Dept 2017], lv denied 29 NY3d 1034 [2017]).
Finally, we note that the certificate of conviction incorrectly states that defendant was sentenced on October 30, 2015, and it must therefore be amended to reflect the correct sentencing date of October 30, 2014 (see generally People v Young, 74 AD3d 1864, 1865 [4th Dept 2010], lv denied 15 NY3d 811 [2010]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court