People v Gilbert (2021 NY Slip Op 06262)





People v Gilbert


2021 NY Slip Op 06262


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


882 KA 17-00931

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AZYA M. GILBERT, ALSO KNOWN AS AZYA JACKSON/AZYA GILBERT-JACKSON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DANIELLE C. WILD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 7, 2017. The judgment convicted defendant upon a jury verdict of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of manslaughter in the first degree (Penal Law
§ 125.20 [1]). Defendant contends that the verdict is against the weight of the evidence with respect to her intent to cause serious physical injury. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Given the number, depth, and severity of the stab wounds here, it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (id.; see People v Angel, 185 AD2d 356, 358 [2d Dept 1992], lv denied 80 NY2d 1025 [1992]).
Defendant failed to preserve for our review her further contention that she was denied a fair trial by alleged instances of prosecutorial misconduct (see CPL 470.05 [2]; People v Hall, 169 AD3d 1379, 1380 [4th Dept 2019], lv denied 33 NY3d 976 [2019]; People v Keels, 128 AD3d 1444, 1445 [4th Dept 2015], lv denied 26 NY3d 969 [2015]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, the sentence is not unduly harsh or severe.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court